[Civil No. 888.   Filed March 30, 1905.]

[80 Pac. 325.]

ALBERT STEINFELD, Plaintiff and Appellant, v. M. M. MONTIJO, Defendant and Appellee.

1. JUDGMENT—DEFAULT—FILING STATEMENT OF EVIDENCE—NOT JURIS-
   DICTIONAL REQUISITE—REV. STATS. ARIZ. 1901, PAR. 1435, 1443,
   CONSTRUED.—Under paragraph 1435, *supra*, providing that a state-
   ment of the evidence shall be filed as part of the record of the
   case, where service has been made by publication and no answer
   filed, and paragraph 1443, *supra*, enumerating the papers which
   constitute the judgment-roll in cases of judgment by default, but
   not including such statement of evidence, a failure to file such
   statement would be an irregularity sufficient to reverse the judgment
   in a direct proceeding properly brought, but is not a jurisdictional
   defect rendering the judgment void.

2. SAME — JUDGMENT-ROLL — REV. STATS. ARIZ. 1901, PAR. 1443, CON-
   STRUED.—The statute, *supra*, incorporates the common-law practice
   of including in the judgment-roll only such parts of the record as
   are needed to support a valid judgment.

3. SAME—SETTING ASIDE—IRREGULARITIES.—A mere irregularity in the
   entry of a judgment, not jurisdictional, will not afford a basis
   for a court of equity to grant relief by declaring the judgment void.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge.   Affirmed.

The facts are stated in the opinion.

Charles Blenman, and S. L. Kingan, for Appellant.

Paragraph 1435 of the Revised Statutes of Arizona, pro-
viding that "Where service of process has been made by
publication, and no answer has been filed within the time
prescribed by law, judgment shall be rendered as in other
cases; but in every such case a statement of the evidence,
approved and signed by the judge, shall be filed with the
papers of the cause, as a part of the record thereof," was
taken from Texas.   Texas Stats. 1889, art. 1345.

Construing this statute in 1857, Wheeler, J., said: "But
the omission of the court to make out a statement of facts

is fatal to the judgment. That is a positive requirement of the statute, which cannot be dispensed with.'' *Pierpont* v. *Pierpont,* 19 Tex. 228. To the same effect, see *Thomas* v. *Jones,* 41 Tex. 265; *Byrnes* v. *Sampson,* 74 Tex. 84, 11 S. W. 1073.

''It is well settled that a court has no power to vacate or set aside, on motion, a judgment not void upon its face, unless the motion is made within a reasonable time; and it is definitely determined that such time will not extend beyond the limit fixed by section 473 [Arizona paragraph 1480] of the Code of Civil Procedure, which in no case exceeds one year. It is also settled law that a judgment is not void upon its face unless its invalidity is apparent from an inspection of the judgment-roll. It is hardly necessary to cite authorities to sustain these propositions. See *People* v. *Temple,* 103 Cal. 447, 37 Pac. 414; *Canadian etc. Mortgage and Trust Co.* v. *Clarita,* 140 Cal. 672, 74 Pac. 301, and cases there cited. The effect of these well-settled rules is that unless the invalidity of a judgment is apparent from an inspection of the judgment-roll, the court rendering it has no power, in the absence of application made within the time specified in section 473 of the Code of Civil Procedure to make any order vacating or setting aside such judgment, and the sole remedy of the aggrieved party, who may not in fact have been served, is to be found in a new action on the equity side of the court. See *Eichhoff* v. *Eichhoff,* 107 Cal. 42, 40 Pac. 24, 48 Am. St. Rep. 110; *People* v. *Davis,* 143 Cal. 673, 77 Pac. 651.

The appellant in this action has brought precisely such suit.

A. Orfila, for Appellee.

SLOAN, J.—The complaint in this action, filed May 16, 1904, alleges that in December, 1901, in an action in the district court for Pima County, wherein one Miguel Hidalgo was plaintiff, and Anna E. Lord and others were defendants, a decree was entered, upon the default in appearing and answering of such defendants, quieting the title to certain property in Hidalgo; that the service of the complaint in such action was by publication, but that no statement of the evi-

dence heard on the trial was approved and signed by the judge, or filed as a part of the record in the case. The complaint in this action alleges the ownership of the property in Steinfeld, by conveyances to him from Anna E. Lord, whom it claimed was the owner in fee, and a claim to such property by the defendant, Montijo, by attempted conveyance to him from Hidalgo, and prays that the judgment rendered in the former action be declared void. The court below sustained a demurrer to the complaint, and entered judgment for the defendant, and its action in that respect is now before us for review upon the appeal of the plaintiff.

The demurrer presents the question whether the judgment rendered in the case of Hidalgo against Lord was void by reason of the omission from the record in the case of a statement of the evidence required by section 1435 of the Revised Statutes of 1901. This section reads: "Where service of process has been made by publication, and no answer has been filed within the time prescribed by law, judgment shall be rendered as in other cases; but in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause, as a part of the record thereof." The purpose of the statute is to enable a defendant who is served by publication, and who frequently has no knowledge of the litigation until after judgment is rendered, to ascertain, when apprised of such judgment, upon what basis and upon what evidence the *ex parte* judgment of the court was rendered against him, and whether such evidence sustains the judgment. It is a particularly wise and salutary law in its application to divorce proceedings and actions affecting the title to real property. The statute was probably taken from Texas, which has had similar enactments from its earliest history as a state. These statutes have varied somewhat in their phraseology, but, in the main, have been of similar import to section 1435. The supreme court of Texas and the court of appeals, beginning with the case of *McFadden* v. *Lockhart,* 7 Tex. 573, have uniformly held that a failure to comply with the statutory requirement with respect to the filing of a statement of the evidence is reversible error. We are unable to find, however, any case in the Texas Reports in which the filing of the statement of the evidence is held to be a jurisdictional requisite to the validity of the judg-

ment.   The Texas cases cited by counsel for appellant were cases in which the judgments were reviewed and reversed on writs of error.   The court of appeals in the case of *Buse* v. *Bartlett,* 1 Tex. Civ. App. 335, 21 S. W. 52, has decided that a failure to file the statement of the evidence does not render the judgment void; that the purpose of the statute is to give a non-resident defendant served by publication the benefit of a review of the judgment in a direct proceeding. This is the construction we put upon section 1435.   Our view of the statute is strengthened by a reference to section 1443, Rev. Stats. 1901, which provides that in cases of judgment by default the judgment-roll shall consist of the summons, the return of service, the complaint, the default, and a copy of the judgment.   At common law the judgment-roll was made up of all the papers in the case necessary to support the judgment, and every jurisdictional requisite to a valid judgment was required to be evidenced by some paper incorporated as a part thereof.   The essential feature of this common-law practice of embracing only such parts of the record as are needed to support a valid judgment has been incorporated into our statutes.   If it was intended that the statement of the evidence required by section 1435 should be a jurisdictional requisite to the entry of a valid judgment, it seems to us certain that it would have been enumerated in section 1443 as among the papers constituting the judgment-roll.   If the absence of the statement does not render the judgment void, but is a mere irregularity, sufficient to reverse the judgment in a direct proceeding properly brought, it follows that the complaint did not present a case for the vacation of the judgment entered in the case of Hidalgo against Lord.   Under the statutes, the defendant in that case had one year after the rendition of judgment to apply for a new trial.   Rev. Stats. 1901, sec. 1480.   Had this been refused, the ruling of the court might have been reviewed by appeal or writ of error.   The complaint discloses that more than two years elapsed after the entry of judgment in Hidalgo against Lord before the institution of this action. No ground for equitable relief appears in the complaint.   No reason for the vacation of the said judgment is given, except the absence from the record of the statement of the evidence. It is well settled that a mere irregularity in the entry of a

judgment, not jurisdictional, will not afford a basis for the granting by a court of equity of the relief sought in this case. Freeman on Judgments, sec. 97.

The judgment of the court below sustaining the demurrer and dismissing the complaint is affirmed.

KENT, C. J., and DOAN, J., concur.