[Civil No. 1221.   Filed April 15, 1913.]

[131 Pac. 155.]

JOHN BOYLE, Jr., Appellant, v. ORO PLATA MINING AND MILLING COMPANY, a Corporation, Appellee.

1. CORPORATIONS—ACTION—PROCESS.—To acquire jurisdiction in a tax suit of a domestic corporation, it not voluntarily submitting to jurisdiction, it must be served with process by some method prescribed by law.

2. CORPORATIONS—DOMESTIC CORPORATION—SERVICE WITH PROCESS.—Civil Code of 1901, paragraph 1323, authorizes summons in a suit against a corporation to be served on an officer of it, or on the local agent representing it, in the county in which the suit is brought, or by leaving a copy at the principal office of the company during office hours. Paragraph 1324 authorizes service on a domestic corporation, not having an officer in the territory on whom service can be made, by depositing a copy of the summons in the office of the secretary of the territory, a duplicate of which shall be mailed by him to the office of the company or to an officer of it. Paragraph 1334 authorizes service on a nonresident defendant by mailing a copy of the summons to him at his place of business. *Held*, that service on a domestic corporation may not be had by mailing a copy of the summons directly to an officer of it out of the territory.

3. JUDGMENT—COLLATERAL ATTACK—SERVICE OF PROCESS.—A default judgment may be collaterally attacked for nonservice of defendant, though it recites "it was shown to the satisfaction of the court that defendant was duly and regularly served with process"; the return on the summons, which is part of the record, the summons and return, under Civil Code of 1901, paragraph 1443, being part of the judgment-roll, showing service has not properly been made, controlling the recital of the judgment.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Mohave. Edward M. Doe, Judge. Affirmed conditionally.

The facts are stated in the opinion.

Mr. John W. Lane, for Appellant.

Messrs. Clark, Haworth & Stewart, for Appellee.

CUNNINGHAM, J.—The appellee, as plaintiff, commenced this action to quiet its title to the Todd patented mining claim

situated in Mohave county. The complaint is in the form usually adopted for that purpose. The appellant, as defendant, asserts ownership and possession, and bases his title upon a sheriff's deed made as a result of a sale to satisfy a tax lien and judgment in favor of the territory of Arizona against the appellee to one Dempsey, as purchaser, and by Dempsey assigned to appellant for a valuable consideration. The sheriff's deed is made direct to appellant as the holder of the assigned certificate of sale. Appellee attacks the judgment in the tax suit as void upon the grounds that the court rendering the judgment had acquired no jurisdiction of the judgment debtor, this appellee, for the reason that appellee was not served with process in that suit. In support of the contention, the appellee offered the sheriff's return on the summons appearing in the judgment-roll of the tax suit, which return shows that the summons was served upon the "defendant named in said summons by registered letter directed to the address of the president of said defendant, and by inclosing in said registered letter a copy of the summons to which was attached a true copy of the complaint mentioned in said summons, and that the registry return receipt signed by said defendant was returned to me by the post office . . . on the 20th day of August, 1908, and is hereto attached and made a part of this return." The registry receipt is addressed to H. J. Woolacott, at Los Angeles, Cal., signed by the same name, by W. P. Eaton as his agent, and returned to the sheriff.

It is alleged by the plaintiff and not denied by the defendant that appellee is a corporation incorporated under the laws of the territory of Arizona, and was such corporation at the dates mentioned in the tax suit. In order that jurisdiction may be acquired of a domestic corporation in a tax suit other than by a voluntary submission to jurisdiction, the corporation must be served with process by some method prescribed by law. Paragraph 1323, Revised Statutes of Arizona of 1901, prescribes a method of constructive service by which the summons may be served on the president, secretary, or treasurer, or any director of such corporation, or upon the local agent representing such corporation, in the county in which the suit is brought, or by leaving a copy of the summons at the principal office of the company during office hours. "Whenever

any corporation incorporated under the laws of this territory does not have an officer in this territory upon whom legal service of process can be made, of which the return thereon shall be *prima facie* evidence, an action or proceeding against such corporation may be commenced in any county where the cause of action or proceeding may arise, or said corporation may have property; and service may be made upon such corporation by depositing a copy of the summons, writ or other process in the office of the secretary of the territory, which shall be taken, deemed and treated as personal service on such corporation. . . . Par. 1324, Rev. Stats., *supra.*

Process was served upon the president of the company by registered mail at the city of Los Angeles, state of California, in a manner provided for serving nonresident defendants. Par. 1334, Rev. Stats. Ariz. 1901. The president of a corporation is not the corporation; neither is he a defendant by reason of the suit having been commenced against the corporation of which he is the president. His place of personal residence, for the purposes of a suit against the corporation, has no bearing upon the domicile of his corporation. When he is handed the process as president of the corporation, he receives it as an agent of the corporation, and for that purpose alone. In order that service upon him may be taken, deemed and treated as service on his corporation, if he is not served within the jurisdiction of the court, he must receive the process through the secretary's office. Par. 1324, *supra.*

The process in the tax suit was never served upon the defendant therein; the court, therefore, never acquired jurisdiction over the defendant. To permit the territory to take the defendant's property, without notice first given in some manner provided by law, is antagonistic to the fundamental law of the land. The judgment attacked on its face is conclusive that defendant did not appear in that proceeding. The judgment was void for a total failure of the court to acquire jurisdiction of the person of the defendant therein, as appears from the sheriff's returns on the original summons in the judgment-roll in that proceeding.

It is contended by appellant that because the judgment recites, "It was shown to the satisfaction of the court that the defendant was duly and regularly served with process herein, had failed to appear and answer or interpose any plea to the

complaint,'' etc., concludes an inquiry into the question of jurisdiction upon a collateral proceeding; and no evidence can be offered to contradict such recital in the judgment. This question was raised in the case of *Laney* v. *Garbee,* 105 Mo. 355, 24 Am. St. Rep. 391, 16 S. W. 831, in an ejectment suit. The land in question was entered by the plaintiff, which he showed and rested. The defendants introduced in support of their title a sheriff's deed made under an execution sale upon a judgment against the plaintiff for delinquent taxes on the land for certain years. The judgment, as the basis of the defendants' title, was attacked by the plaintiff for want of jurisdiction of the person of the defendant therein. The judgment contained this recital: ''And the defendant, though duly served with process of summons, . . . comes not, but makes default.'' To overcome this recital, plaintiff offered in evidence the original summons in the case, and the return of the sheriff thereto. In considering this point after the court had considered the return, in the light of the statute, as showing no service had been made in any manner known to the law, the court said: ''It is insisted that the manner of service cannot be shown to contradict the recitals of the judgment. If the entry of the judgment upon the books of the court constituted all the record in the case, the contention would have weight. That is not the case. The return of the sheriff is as much a part of the record as the judgment entry. The recitals of the service, contained in the judgment, cannot import greater verity than the return itself shows.'' And it is said: ''The recitals of the judgment will be deemed to refer to the kind of service shown by other parts of the record''—citing a number of cases. The summons and return of service constitutes a part of the judgment-roll under our statutes. Par. 1443, Rev. Stats. Ariz. 1901. It is always open to a party to contest the alleged jurisdiction by producing other parts of the record which contradict the recitals of the judgment, and particularly the recitals relating to the officer's return upon the original writ, which, in case of conflict, will control the recitals in the judgment, although the endeavor is always made to reconcile apparent inconsistencies by construction, or by the aid of presumptions. 23 Cyc. 1087.

We have considered the other questions raised by the appellant, and find no reversible error presented by the record.

The judgment is affirmed upon the express condition that the appellee cause to be paid to the clerk of the superior court of the state of Arizona, in and for Mohave county, for the use of appellant, the sum of $170.27 paid out by him on account of taxes, penalties, and interest thereon to the date of the judgment in that court, viz., April 10, 1911, not later than the tenth day after the date on which the *remittitur* from this court is filed in said superior court. Otherwise, and upon the failure to pay said sum to said clerk as aforesaid, the judgment appealed from shall stand reversed, and the cause shall stand dismissed.

FRANKLIN, C. J., and ROSS, J., concur.

NOTE.—As to service of process upon corporations, see note in 66 Am. Dec. 119.