## Columbia Star Milling Co. *v.* Brand.

[76 South. 557, Division A.]

1. Judgment. *Process to support. Publication. Personal judgment.*
No personal judgment can be entered against a foreign corporation by publication of process only.

2. Corporations. *Service on foreign corporation. Immediate mailing of registered copy. Statute.*
Where in a suit against a foreign corporation, service of process on an agent of the corporation was made on September 6, 1915, but a copy of the process was not mailed to the corporation by registered letter at its home office until December 30, 1915, the summons calling for the appearance of the corporation in court at rules September 13th, there was no compliance with Code 1906, section 920, providing that it shall be the duty of the clerk immediately to mail a copy of the process to the home office of the corporation by registered letter.

3. Same.
In such case the summons was *functus officio*, its return day having passed, the statute was not complied with, in that the copy was not immediately mailed and this is a necessary part of the service of summons in order to bring a defendant in court.

4. Corporations. *Appearance. Suggestion to court of attorney for individual defendant.*
In a suit against a foreign corporation and also its president who was its principal stockholder and active manager and who, in his individual answer, set up all the defenses he thought could have been set up by the corporation, such president's attorney of record, by his suggestion or argument to the court that the corporation was not properly in court; did not thereby enter an appearance for the corporation, since he clearly had the right to suggest that any proposed motion in the case should be overruled, either as attorney of one defendant or as *amicus curiae.*

Appeal from the chancery court of Clay county.
Hon. A. J. McIntyre, Chancellor.
Suit by John Brand against the Columbia Star Milling Company and others. From a decree *pro confesso* and final judgment against the named defendant, it appeals.
The facts are fully stated in the opinion of the court.
115 Miss.—40.

*Gates T. Ivy,* for appellant.

There are two points of controversy arising out of this appeal, namely: First: Did the lower court have jurisdiction of the person of appellant by proper process? Second: Did appellant by any act of its own, or by duly authorized attorney, enter a voluntary ap-. pearance to the merits of the controversy?

Now adverting to the first topical question we sub-- mit: That appellant was never properly served with process in this cause and the court had no jurisdiction of its person and therefore no right to enter a decree *in personam,* or otherwise! and it may be here stated that the decree rendered was one *in personam.*

This court below found in its final decree, that appellant, had been properly made defendant under section 920 of the Mississippi Code 1906, to which reference is here made.

We urge that this was error in the light of the rec- ord in this cause. The provisions of the law referred to as applying to non-resident corporations as defined under the preceding section 919 requires that process shall be served upon any agent of the corporation found within the county where suit is brought. It is further provided under section 919, in defining the cases in which such non-resident corporations may be sued in this state, that any corporation having any transaction with persons or having any transactions concerning property situated in this state, through any agency whatever acting for it within this state, shall be held to be doing business here within the meaning of this section. Under section 920 it is provided that the officer serving process shall "state the facts, upon whom issued," etc., in his return; but in order that defendant corporation may also have effectual notice, it shall be the duty of the clerk to immediately mail a copy of the process to the home office of the corporation by registered letter, etc.

We submit that this provision of law was not complied with. *Claughton* v. *Black, et al.*, 24 Miss. 185.

For a further authority urging the strictest compliance with the requirements of statutory laws relative to the service of process, see the case of *Bustamente* v. *Buscher, Shultz & Company*, 43 Miss. 172, especially the last few paragraphs in the conclusion of the opinion.

Inviting the court's attention now to the second topical question hereinbefore in this brief announced, we submit: that the court was wholly without warrant in finding that the appellant voluntarily appeared, notwithstanding the failure of process.

It is obvious that if the defendant, Schoening, and The Columbia Star Milling Company had been one and the same person, jurisdiction was acquired by the voluntary appearance of Schoening and for the purpose of the injunction by process on the trustee, or his appearance, but it is likewise obvious that if Schoening and appellant were different beings in law, then the appellant was improperly joined in this suit and a court of chancery should not have taken jurisdiction when the bill was amended, because on its face it appeared that the two defendants, Schoening and appellant, were different persons in law, because an individual and a corporation cannot be one entity, and because the bill sought an injunction against Schoening and a decree *in personam* against Columbia Star Milling Company.

All pleadings in the circuit courts of this state are required to be in writing. All pleadings must be filed by the party or his attorney, section 760. All actions must be commenced in the manner provided by section 728, the cause of action stated and filed in court, and therefore must be in writing.

Moreover all provisions pertaining to the declaration and commencement apply to pleas or appearances entered by the defendant, see section 739. It is the spirit of our law covering the subject of pleadings and practice that the complainant, or plaintiff, and the defend-

ant, or respondent must appear before the courts of the land in a manner accompanied with such dignity or solemnity as that permanent proof or record of the fact may be made. It is therefore required that all pleadings shall be in writing; all motions must be in writing; all demands made upon the court relative to the quashing of writs, amending of pleas, leave to file pleadings and all matters touching the subject of pleading in court must be in writing.

This court so far back as 1860 in the case of *Byrne Vance & Co. v. Jeffries*, as reported in 38 Miss. 533, recites: "Appearance formerly was by actual presence in court, either in person or by attorney, and such appearance still exists in contemplation or fiction of law, but, in fact this appearance is now effected by making certain formal entries in the proper office of the court expressing his appearance."

The court had no right at the November term to enter a decree *pro confesso* against appellant, and counsel for Edward F. Schoening, who was himself financially interested in appellant institution, merely thought to show the court a possibility of error, and presented to the court the fact that Columbia Star Milling Company had not been served with process, and that a decree should not be entered against them, *pro confesso*, at the same time informing the court in open court that he had no employment from Columbia Star Milling Company; did not represent it; all of which is shown by the record in this cause above herein referred to.

It is not to be contemplated that parties who are without counsel, or over whom no jurisdiction had been acquired as provided by the laws of the country, are to be held and bound by any act of friendliness to the court and to the party on the part of an attorney employed and representing another party defendant in the cause, unless such attorney is acting with the knowledge or consent or under the authority of such party;

certainly the courts of the land are not factories out of which may be turned agents and instrumentalities to be enforced upon others. Agencies may be created in only two ways: first, by expressed assent of delegation; second, by implication, or in other words, agencies by estoppel. Certainly counsel for Schoening was not an agent by expressed authorization; as surely he was not an agent by estoppel, because no act of appellant, no knowledge, no assent, no conduct whatever furnished facts upon which estoppel might be predicated.

It is recognized that the course which has been made necessary by the action of the court below in assuming jurisdiction without warrant will operate as an appearance to the cause on reversal, when the case will be remanded for trial; appellant having appeared in the appeal, has entered an appearance to the jurisdiction of the court, but this right should be, and will be, granted the appellant to defend against an action brought in this state against it, and to present to a court of law its defense to the complaint.

*W. G. Roberds,* for appellee.

It is stated that no copy of the publication was mailed to appellant, whereas a copy of the general docket made a part of the record by agreement, shows that publication was mailed by the clerk to appellant on May 29, 1915.

Cases cited by appellant. Appellant cited three cases: *Claughton* v. *Black, et al.,* 24 Miss. 198; *Vance & Co.* v. *Jeffries,* 38 Miss. 540; *Bustamente* v. *Bescher, et al.,* 43 Miss. 173.

The first case was in the circuit court and there was no claim of appearance. The second case is interesting and gives a brief history of the manner formerly of appearing and the manner at the time this decision was rendered, April term, 1860. The court said: "Appearance formerly was by actual presence in court, either in per-

son or by attorney, and such appearance still exists in
contemplation or fiction of law.  But, in fact, this ap-
pearance is now effected by making certain formal en-
tries in the proper office of the court, expressing his ap-
pearance.  Bouvier's Law Dict., title Appearance.

"As the appearance anciently was an actual one,
so the pleading was an oral altercation, in open court,
in the presence of the judges.  During this altercation
a minute in writing was made by the proper officer,
comprising a short notice of the nature of the action,
the time of the appearance of the parties in court,
and the acts of the court itself during the pleading;
and this was called the record.

"The appearance of the parties is no longer by
actual presence in court.  It is effected on the part of
the defendant by making certain formal entry in the
proper office of the court, expressing his appearance.
Stevens on Pleading, 22-26."

But the court in that case also said:

"If, in the case of *Hemphill* v. *Hemphill,* it was in-
tended to say that appearance to the action could only
be effected by plea, or in proper person without plea
in open court, and making the necessary waiver and
consent of judgment; and that it could not be done out
of term time by entry on the complaint of appearance
to the action (in the proper office, and before the clerk
of the court) we are not willing to sanction the doc-
trine of that case to that extent."

We submit it has never been the rule and is not the
rule now that a party cannot make appearance in a
case except by signature to some pleading; if he ap-
pears in open court and contests the right to make an
order or take a decree *pro confesso* makes an "ex-
tended and ingenious argument" against it, that is
sufficient appearance, not to require him to go to trial
then, but to require an answer by the next term, there-
by giving him plenty of time to prepare his pleadings
and his defense.

Authorities.   As stated in appellant's brief, there are only two questions involved in this appeal: First: Did the service of process give jurisdiction? Second: Did appellant appear? An affirmative answer to either, in effect, disposes of the other question. We submit there was proper service.   Section 919, Code 1906; section 920, Code 1906; Laws 1908, page 132; *Vicksburg S. & P. R. Co.* v. *Forcheimer,* 74 So. 420, Advance Sheets, Southern Reporter, April 14, 1917, page 420 (Miss.)

Appearance was such as to require appellant to make answer: Sections 3946, 3947, Code 1906; *Fisher* v. *Pacific Mutual Life Ins. Co.,* 72 So. 847 (Miss.); *Railroad* v. *Swanson,* 92 Miss. 485; *Standard Oil Co. of Ky.* v. *Attorney-General,* 65 So. 468 (Miss.); *Vicksburg, S. & P. Ry.* v. *Forcheimer, supra; Young* v. *Rankin,* 4 Howard, 27; *Gardiner* v. *Gardiner,* 35 Colorado, 147, 83 Pac. 646.

SYKES, J., delivered the opinion of the court.

The appellee, John Brand, filed a bill in the chancery court of Clay county, Miss., making as defendants thereto Edward F. Schoening, Columbia Star Milling Company, and David Cottrell.   The material allegations of the bill are that the complainant had executed and delivered to the defendant, Schoening, a trust deed conveying to Cottrell as trustee certain land in Clay county to secure the payment of a promissory note for $600, with interest; that the complainant had been·in the employ of the defendant, Schoening to sell flour manufactured by the defendant milling company, but that Schoening was the real owner of the mill and was doing business under the name and style of the Columbia Star Milling Company, a few shares of stock being owned by his relatives; that he was employed under a yearly contract for a salary of $250 a month to sell flour; that for no just cause Schoening required

him to resign his position before his time had expired, thereby causing him to be damaged in a certain sum. This sum he desires to have ascertained by the court and credited on the amount that he owes Schoening on the note secured by the deed of trust, and that the contemplated sale of the property embraced in the deed of trust be enjoined until the court ascertain the amount, if any, due Schoening or the mill after the above credit is given complainant. This bill was answered by the defendant, Schoening, alone. He denied all of the material allegations of the bill and alleged that the Columbia Star Milling Company was a foreign corporation doing business under the laws of the state of Illinois; that the note and deed of trust were the individual property of the defendant, Schoening. He also denied that any indebtedness was due complainant by the Columbia Star Milling Company. The bill was not answered by the Columbia Star Milling Company. Proof of publication for the defendant corporation was duly made. Some time after the proof of publication had been made the original bill was amended so that the charge was made in it that the Columbia Star Milling Company was a corporation of the state of Illinois. The original bill was filed on April 5, 1915. Personal service was attempted to be had on the nonresident corporation by the issuing of a summons directed to it on September 6, 1915, which summons commanded it to appear before the chancery court of Clay county at rules on the 13th day of September, 1915. This summons was served, as is shown by the return of the sheriff herein quoted:

"I have this day executed the within writ personally by delivering to J. F. Evans, a traveling salesman of the Columbia Star Milling Company, a true copy hereof. Witness my signature this September 6, 1915. Sid A. Deans, Sheriff."

A copy of this process was not mailed to the home office of the corporation by registered letter, as is re-

quired by section 920 of the Code of 1906, until the 30th day of December, 1915. A term of the chancery court had been held between the service on J. F. Evans and the mailing of the registered notice. At the November term of the court the complainant filed a motion for a decree *pro confesso* against the Columbia Star Milling Company, which had filed no answer and made no appearance. The learned chancellor in overruling this motion filed a written opinion upon the same, which we here quote in full:

"This cause came on for hearing on motion of complainant for a decree *pro confesso* against the Columbia Star Milling Company, Edward F. Schoening having prior to that time filed answer to the bill, and his counsel, Gates T. Ivy, appeared and made an argument against the motion for a decree *pro confesso* as to the Columbia Star Milling Company, claiming that he was not appearing in any sense of the word for the Columbia Star Milling Company, yet made a very extensive and ingenious argument against the sustaining of said motion, it being claimed by the complainant that this appearance is the appearance of the Columbia Star Milling Company.

"In the hearing of a motion of this kind, it is necessary for the court to understand the nature of the original bill upon which process was based, and to ascertain whether or not proper service has been made. It is the contention of Mr. Ivy that proper process upon the Columbia Star Milling Company has not been made. It is conceded by the counsel for complainant in this cause that possibly the service of the process is deficient, inasmuch as a copy of the process was served upon Mr. J. F. Evans, traveling salesman or traveling agent of the Columbia Star Milling Company, and was not sent to the company by registered letter by the clerk who issued the process. Under our law, as I understand it, any appearance of any nature by a defendant is an appearance final.

"Now, the question arises as to whether or not the appearance of the attorney, who represented the president of the Columbia Star Milling Company, the defendant herein, and who, by his answer, owns seven hundred and thirty shares of the capital stock of the Columbia Star Milling Company, and who is charged in the bill as owning virtually the entire stock of the Columbia Star Milling Company, as to whether or not his appearance is the appearance of the Columbia Star Milling Company, without having filed any papers in the case. I am of the opinion that this appearance constitutes sufficient appearance of the Columbia Star Milling Company to put them into court.

"Let the motion, therefore, for a decree *pro confesso,* be overruled and the Columbia Star Milling Company be given until next term of this court to file its answer and the application of complainant to amend his bill by adding the following therein, after the words, 'Columbia Star Milling Company,' first appearing in the bill, to wit, 'a corporation under the laws of the state of Illinois, with its domicile at Columbia, in said state,' is granted and complainant may amend his bill at any time before the filing of the answer of the Columbia Star Milling Company, and within thirty days from this date should the answer be immediately filed."

The Columbia Star Milling Company, after the above decree was entered, never answered the bill nor attempted to make any defense to the suit. On final hearing decrees *pro confesso* and final were entered against the Columbia Star Milling Company for the amount complainant claimed due him under his contract for services. The chancellor in this decree in part says:

"And it appearing to the satisfaction of the court that service of process was had upon said defendant, the Columbia Star Milling Company, according to section 920, Code 1906, and that this court by decree filed November 12, 1915, found that said defendant, the

Columbia Star Milling Company, had made appearance in this court by attorney in resisting a motion for decree *pro confesso,* at said term, and the said defendant given until the present term to answer. And it appearing that said the Columbia Star Milling Company has failed to answer or to file any plea in this cause.''

He also found in favor of the defendant, Schoening, on the other issues in the case. From this decree the defendant the Columbia Star Milling Company prosecutes this appeal.

There are but two questions involved in this appeal: First, was any personal service had upon the Columbia Star Milling Company, an Illinois corporation? Second, did the attorney of record of Mr. Schoening enter an appearance for this corporation by his argument against sustaining the first motion for a decree *pro confesso?*

Of course, no personal judgment could be entered against this defendant on publication of process. The only question then to be considered on this proposition is whether or not the attempted service on J. F. Evans, as agent of this corporation, on September 6, 1915, and the mailing of a copy on December 30, 1915, was a compliance with section 920 of the Code. This section says that ''it shall be the duty of the clerk to immediately mail a copy of the process to the home office of the corporation by registered letter.'' It is also to be remembered that this summons called for the appearance of the corporation in court at rules on September 13, 1915. In other words, several months had expire before the copy was mailed to the home office of this defendant, and the return day had also passed, The summons was *functus officio,* its return day having passed. The statute was not complied with, in that the copy was not immediately mailed. This is a necessary part of the service of summons in order to bring a defendant in court.

The next question is: Did Mr. Ivy, the attorney of record of the defendant, Schoening, by his suggestion or argument to the court that the Columbia Star Milling Company was not properly in court thereby enter an appearance for the Columbia Star Milling Company? Mr. Ivy was an attorney of record in the case representing the defendant, Schoening, in his individual capacity. The defendant, Schoening, and the Columbia Star Milling Company are two separate parties, one being an individual and the other a corporation. Each must be properly brought into court before he be required to answer its orders. As an attorney in the case, we think it was clearly the right of Mr. Ivy to suggest to the court that any proposed motion in the case should be overruled. He had this right as an attorney of one of the defendants. He also had the right to make this suggestion as *amicus curiae*. The opinion of the chancellor expressly states that Mr. Ivy disclaimed representing the defendant, Columbia Star Milling Company. The learned chancellor was persuaded that this was an entry of appearance of the Columbia Star Miling Company because Schoening was the president of this corporation and was its principal stockholder and its active manager, and in his individual answer to the bill he set up all of the defenses that he thought could have been set up by the corporation. This all may be true; however, this answer of Schoening was his separate answer, and was treated as such by the court, and was not considered as the joint answer of Schoening and the corporation. As a defendant in the case he had a perfect right to answer fully all of the allegations of the bill. The final decree of the court in this case did not treat this answer as one of the defendant corporation, but entered a decree *pro confesso* against it.

We therefore conclude that the attempted service under section 920 of the Code of 1906 was void, and that there was no voluntary appearance of the appel-

lant corporation in this case. The decree of the lower court is reversed, and the cause remanded, with leave to the appellant, Columbia Star Milling Company to plead, answer, or demur to the bill within sixty days after the mandate of this court is filed in the court below.

*Reversed and remanded.*