WILLIAM .POEGGLER, APPELLANT, v. SUPREME COUNCIL CATHOLIC MUTUAL BENEFIT ASSOCIATION, APPELLEE.

FILED JUNE 15, 1918. No. 20107.

1. **Judgment: VACATION.** Default judgment was entered against the defendant, service being had upon the auditor, who had not been authorized by the defendant to receive and transmit copy of summons for it as required by law. The defendant was without actual notice of the action. Seven months afterwards the defendant, tendering a meritorious defense, instituted proceedings under sections 8207-8215, Rev. St. 1913. for a vacation of the judgment and a trial upon the merits. *Held*, that, under the circumstances of this case, the judgment should be vacated on the ground of unavoidable casualty preventing a defense.

2. ———: **JURISDICTION: QUAERE.** Where service is had upon the auditor of the state, as attorney in fact for a foreign insurance company doing business in this state, which has not given the auditor authority in writing to receive summons for it as required by section 11, ch. 47, Laws 1897, and which is without actual notice of the action—*quære*: Does the court obtain jurisdiction to enter default judgment against the defendant in such action?

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Smith & Schall,* for appellant.

*Mahoney, Kennedy, Holland & Horan* and *Guy C. Kiddoo,* contra.

CORNISH, J.

Plaintiff's appeal from a judgment vacating a former judgment and permitting defendant to file answer, in proceedings had under sections 8207-8215, Rev. St. 1913, on the grounds of unavoidable casualty and fraud.

Defendant is a fraternal beneficiary association of New York, with branches or local lodges in Nebraska. Plaintiff's claim, after more or less negotiations covering a period of two years, was definitely rejected by the de-

fendant. Afterwards the plaintiff commenced this action, service of summons being had upon the auditor of the state, whom the defendant had not authorized to receive service of summons for it, as required to do by the Nebraska statute. Seven months after judgment was entered the defendant instituted this proceeding. The trial court, we believe, was justified in finding that the defendant had no actual notice of the action until about the time of its appearance asking that the judgment be vacated. The defendant tendered an answer entitling it to a hearing upon the merits in case the prior judgment should be vacated. Although it had been doing business for some time prior to the enactment of the statute, requiring such associations to authorize the auditor in writing to accept service for them, it appears to have been in ignorance of the law.

Defendant's first contention is that the mere fact that it did business in this state would not make the auditor its attorney in fact to receive such service of summons for it, and that the summons not forwarded to it is invalid; that judgment following such service would yiolate the rule that jurisdiction sustaining a judgment cannot be acquired without notice. Plaintiff's reply is that persons doing business in this state are bound to know its laws, and that, as between plaintiff and defendant, the defendant is estopped to deny that the auditor was its duly appointed agent. It is not necessary to determine this question, because we are of opinion that the judgment of the trial court must be affirmed on other grounds.

In asking that the judgment be vacated, the defendant's attitude was not that of denying the jurisdiction of the court over it, and we will assume that the court acquired jurisdiction and consider the case from the standpoint of unavoidable casualty, preventing an appearance . In general, the absence of a party from unavoidable accident or misfortune, where it is apparent that he had a meritorious defense to the action, will be sufficient to authorize

102 Neb.—39

a new trial.   The question ordinarily turns upon laches or want of reasonable diligence upon the part of the person prevented from appearing and making his defense.

Plaintiff urges estoppel, and certainly, unless the defendant is estopped to deny notice, the judgment rendered is itself void.   The question arises:   What is the extent of the estoppel?   It is based upon the principle that one is estopped to set up his own wrong as a defense.   What was the wrong?   Failure to authorize the auditor according to law.   Plaintiff's contention is that defendant is estopped to deny that he so authorized the auditor.   Let this be conceded.   Does it not follow that in such case it became the duty of the auditor to transmit to the defendant a copy of the process served upon him as required by section 11, ch. 47, Laws 1897?   This he did not do. Neither did he resort to the penalty and other provisions of the statute to require defendant to comply with it, which, if done, would have informed the defendant of the pendency of the action.   Can it not be urged with much force that the same law which makes the auditor an agent should also require of him the duties of an agent?   But any laches on his part in failing to notify defendant could not be imputed to the defendant because it had no power or control over him in the discharge of his duties— the basis of the rule *respondeat superior*.   If it is still insisted, which it is not in terms, that it was defendant's wrong in failing to authorize the auditor which occasioned his failure to notify it, that the auditor was not called upon in the absence of the required authority to transmit the notice, then the answer is that it is questionable whether this is true—whether the auditor ought not, under the circumstances, either to have advised the defendant, or to have required compliance with the law upon its part.   Whatever may be the law in this particular, we are satisfied that the trial court did not err in granting a trial upon the merits.   *Radzuweit v. Watkins,* 53 Neb. 412; *Thompson v. Sharp,* 17 Neb. 69; *Van Every v. San-*

*ders,* 69 Neb. 509; *Spence v. Miner,* 90 Neb. 108; *National Surety Co. v. State Bank,* 120 Fed. 593; *Chicago Life Ins. Co. v. Robertson,* 147 Ky. 61.

AFFIRMED.

ROSE, J., not sitting.