## BOLES et al. v. MacLAREN.

No. 20513.   Opinion Filed Oct. 27, 1931.

Freeling & Box, for plaintiffs in error.

John A. Brett and Lydick, McPherren & Jordan, for defendant in error.

LESTER, C. J. The parties will be referred to as they appeared in the court below. The plaintiff, William MacLaren, filed in the district court of Oklahoma county,

Okla., his petition against the defendants, Susie Boles et al., whereby he sought to recover for work and labor performed by the plaintiff for and on behalf of the defendants at their instance and request, setting up the dates of the performance of said labor and the connection of each of the various defendants in the operation of a certain printing plant, and further alleging that although there was a pretended transfer of said plant it was not in fact a transfer, but executed for the purpose and with a view of defeating this and other claims. Petition concluded with prayer for judgment in the sum of $1,250, with interest thereon at the rate of 6 per cent. from the 1st day of April, 1924. The record reflects that on the 3rd day of July, 1924, the petition was filed; that thereafter on the 24th day of July, 1924, the defendants filed a motion to make petition more definite and certain, which was by the court overruled on May 9, 1925, and thereupon defendants filed demurrer to petition. This demurrer was on the 24th day of April, 1928, set on the motion docket and the defendants failed to appear and said demurrer was by the court dismissed for failure to present the same to the court, and the defendants were given five days in which to file answer. No answer being filed by the defendants, the record disclosed that on the 8th day of May, 1928, the case was called up for hearing; evidence introduced in support of plaintiff's motion, and judgment rendered by the court. Thereafter on May 10, 1928, a motion for new trial and to set aside and vacate the judgment rendered was filed by the defendants, and the court sustained the motion as to one of the defendants and overruled the motion as to the other defendants; exceptions were reserved by certain of the defendants to the rulings of the court and thereafter an appeal was lodged in this court by the defendants.

The principal contention of the plaintiffs in error is that the court erred in refusing to set aside the default judgment and granting a new trial to the plaintiffs in error.

The motion filed in the court below to set aside and vacate the judgment contained an allegation: "Movants further say that in the setting of said demurrer on the district court docket, the names were erroneously spelled, and the title of said cause erroneously stated in such manner as did not advise these defendants or their attorney of the setting of said demurrer for hearing."

It will be noted that there is no specific statement of facts which would advise the court as to the manner in which the title or names of the parties were erroneously stated. Said motion further alleged that three of the defendants therein were not nor had been residents of the state of Oklahoma at any time during the pendency of said action or for a long period of time prior thereto.

Plaintiff named six different persons as parties defendants and service is shown to have been upon three of them. Motion to vacate said judgment did not contain the names of the nonresident defendants.

The plaintiffs in error urged that the court was unwarranted in granting a new trial to one of the defendants and refusing as to the others.

It will be noted that after the court dismissed the demurrer it then gave the defendants five days in which to answer, and no answer having been filed and the parties being in default, such default would stand for trial forthwith as provided in section 582, C. O. S. 1921, which reads as follows:

"Actions shall be triable at the first term of court, after or during which the issues therein, by the time fixed for pleading are or shall have been made up. When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default, stand for trial forthwith. When any demurrer shall be adjudged to be frivolous, the cause shall stand for hearing or trial in like manner as if an issue of fact had been joined in the first instance."

In the case of Western Coal & Mining Co. v. Green, 64 Okla. 53, 166 P. 154, this court in the first and second paragraphs of the syllabus said:

"In the absence of some statutory limitation, a judgment upon default may be rendered at any time during any term of court after time fixed or allowed for answer has expired, notwithstanding the case was not placed on the trial docket prepared and printed pursuant to sections 5040 and 5041, Revised Laws 1910.

"A judgment upon default will not be vacated upon a showing that the party had a meritorious defense; it must be made to further appear that he was prevented from making a timely presentation of it upon some of the grounds named by the statute for granting such relief."

In the body of the opinion it is stated:

"An application to vacate a default judgment and to be allowed to defend is ad-

dressed to the sound discretion of the court, and will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. M., K. & T. R. Co. v. Ellis, 53 Okla. 264, 156 P. 226, L. R. A. 1916E, 100, and authorities there cited."

Judgment is affirmed.

RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and CULLISON, J., absent.