165 P.2d 173

**POSTAL BEN. INS. CO. v. JOHNSON.**

No. 4772.

Supreme Court of Arizona.

Jan. 7, 1946.

Bilby & Shoenhair, of Tucson, for appellant.

Harry O. Juliani, of Tucson, for appellee.

STANFORD, Chief Justice.

On September 31, 1931, Harriet Johnson, a colored woman of Tucson, Arizona, had her life insured with the United Mutual Benefit Association, which had been organized under the provisions of Sections 608, 609 and 610 of the Revised Code of Arizona, 1928. The certificate of insurance was for $1,000 to be paid to her beneficiary at the time of her death, her beneficiary being her son, the appellee herein. The premium to be paid was $3.30 per month.

Harriet Johnson passed away at Tucson on July 29, 1943.

The said sections mentioned of our Code of 1928 were amended by Chapter 36, Laws of 1937, and later repealed and superseded by an act known as "The Benefit Insurance Corporation Law of 1943," as now set forth in Chapter 95, Session Laws 1943.

The complaint alleges that in 1938 the defendant assumed all assets and liabilities of the United Mutual Insurance Company and on September 17, 1938, issued an assumption rider covering the policy of the deceased, containing a certain paragraph reading as follows:

"The retention of this Rider or payment by or in behalf of the insured of the October 1, 1938 stipulated premium or any other stipulated premium hereon shall constitute the acceptance hereof by the insured."

The insured, Harriet Johnson, did nothing about the rider but continued to make her monthly payments as above stated, but made the payments to this defendant. Upon the death of insured proof of loss was duly submitted demanding the payment of the $1,000 due under the certificate originally issued. The defendant in turn advised the beneficiary that the sum due was only $165.00. Suit to collect the full amount was commenced on November 18, 1943. Service was made by the sheriff of Maricopa County, the county in which the capitol of our state is located, on the Arizona Corporation Commission, on November 24, 1943. On December 3, 1943, the sheriff made his return of service as follows:

"I hereby certify that I received the within Summons Nov. 24, 1943, and personally served the same on the within named Postal Benefit Insurance Company, a corporation, being the defendants named in said summons, by leaving with Amos A. Betts, in person, Chairman of the Arizona Corporation Commission, Phœnix, Arizona, at —M. Nov. 24, 1943, in the County of Maricopa, two copies of said Summons, to which was attached a true copy of the complaint mentioned in said Summons."

The following two letters were transmitted in regard to this matter:

"Postal Benefit Insurance Company Incorporated under the laws of Arizona and supervised by the Insurance Department of Arizona.

"Second Floor, First National Bank Bldg., Phœnix, Arizona.

"December 1, 1943

"Mr. Harry O. Juliani
"315 Valley Bank Building
"Tucson, Arizona

"Re: Harriet Johnson, Deceased

"Dear Sir:

"Your letter to the Company, together with letter from the Valley National Bank returning the check which we tendered in payment of the above Death claim, have come to the writer's attention.

"The position of the Company has been thoroughly explained to you in a letter from Mr. Hughes of the Company under date of Oct. 23. It appears that you apparently have not figured the benefits in accordance with all of the provisions of both the policy and the rider attached.

"The writer expects to be in Tucson within the next two weeks and will be glad to discuss this matter with you.

"Yours very truly,
"(Signed)
"Arnold D. Krieger
"A. D. Krieger
Claim Superintendent
Postal Benefit Insurance
Company."

28

"December 3, 1943

"Mr. Arnold D. Krieger

"Postal Benefit Insurance Co.

"P. O. Box 4095

"Phœnix, Arizona

"Re: Harriet Johnson, deceased.

"Dear Sir:

"This is in reply to your letter of December first regarding the above entitled matter.

"You should know by this time that I have all the files of suit against your company for the collection of the insurance. The matter is now in court and is no longer in the talking stages. Of course, you can always pay without trial if you wish.

"Mr. Hughes' letters were very unsatisfactory, and consequently we had nothing to do but to resort to court action.

"Very sincerely yours,

"Harry O. Juliani."

On January 24, 1944, default was taken against defendant and the trial court took the matter of granting judgment under advisement until March 22, 1944, when judgment was entered against the defendant for $1,000 and costs. From that date until June 22, 1944, nothing appears on the record. On June 22, 1944, defendant filed a motion supported by affidavits to vacate and set aside the judgment, "upon the ground and for the reason that the court was wholly without jurisdiction over the defendant so as to authorize or entitle the court to render said judgment, or any judgment against the defendant." The defend-

ant also has filed a motion to set aside default, vacate judgment and permit the defendant to answer and submitted defendant's answer. The motion last mentioned alleges that

" * * * its failure to answer herein was the result of mistake, inadvertence, surprise, or excusable neglect, as shown by the affidavits of Amos A. Betts and H. J. Hughes filed herein as Exhibits 'A' and 'B' to the motion heretofore made herein to vacate and set aside said judgment.

"Defendant further alleges, in support of said motion, that it has a good and meritorious defense to the action filed by plaintiff herein, as is shown by the affidavit of the said H. J. Hughes, and by the verified answer filed herewith, which · defendant proposes to file herein in the event said default is set aside and said judgment vacated, and the defendant permitted to answer herein."

The two motions made by the defendant were on August 9, 1944, denied by the trial court.

From the judgment entered herein by the trial court in favor of plaintiff and from the order by the trial court made and entered on August 9, 1944, denying the motion of defendant to vacate and set aside such judgment and from the order of the above named court made and entered on August 9, 1944, denying motion of defendant to set aside default entered in said cause, vacate said judgment and permit defendant to answer, the defendant on Sep-

tember 5, 1944 gave its notice of appeal to this court.

Defendant assigns as error made by the trial court the following:

"The court erred in denying appellant's motion to vacate and set aside the judgment rendered against appellant, for the reason that no summons or process of any kind has been served upon appellant, and the court was, therefore, wholly without jurisdiction over appellant, and hence had no power or authority to render judgment against appellant, and the judgment rendered was void.

"The court erred in denying appellant's motion to set aside the default, vacate the judgment and permit appellant to answer, for the following reasons:

"(a) It appeared from the uncontroverted affidavits filed in support of said motion that appellant's failure to answer was due entirely to failure to receive any notice of the pendency of the suit and the service of the summons and was, therefore, the result of mistake, inadvertence, surprise or excusable neglect.

"(b) It appeared from the verified answer filed with said motion that appellant had a good and meritorious defense to the action.

"(c) It appeared from the evidence introduced by appellee, at the time the cause was tried, that appellee was not legally entitled to the judgment rendered."

It is the claim of the defendant that "where a statute provides that service of process may be made upon a corporation by serving a designated state official and further requires such official to notify such corporation of such service in a specified manner, the service is not complete until the state official served had notified the corporation sued."

Section 61-1004, A.C.A.1939, provides:

"(b) Any corporation operating under the Benefit Corporation Law of 1939 (1937) shall be given a certificate of authority upon * * *, and, 2. appointing, in writing filed with the commission, each member of the commission its attorney upon whom all lawful processes in any action or proceeding against the corporation may be served."

Section 61-1005, A.C.A.1939, provides:

"Service of summons — Notification.— Service of summons in any civil action upon a member of the commission shall be deemed personal service upon the company within the county where the action is brought. Immediately upon service of any process, the corporation commission shall notify the corporation by registered mail of such service."

The following cases are submitted to us as supporting defendant's views: Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 262, 72 L.Ed. 446, 57 A.L.R. 1230.

Under the law of New Jersey provision was made for the registering and licensing

of automobiles owned by nonresidents who used the highways of that state. They are required to agree that original process against the owner made by leaving it at the office of the Secretary of State shall have the same effect as if served on the owner within the state. The statute provides that the commissioner of motor vehicles shall notify the owner of such motor vehicle by letter directed to him at the post office stated in his application for registration and license. The holding of the case is that in such a case against a nonresident for injury by the use of a motor vehicle on the highway the law must contain a provision making it reasonably probable that the notice will be communicated to the person sued. The opinion states:

"* * * if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice, and that is the principle that we think should apply here."

In Chicago Life Ins. Co. v. Robertson, 147 Ky. 61, 143 S.W. 740, 742, submitted by defendant, the section of the code of that state provides:

"* * * 'Before authority is granted to any foreign insurance company to do business in this state, it must file with the commissioner a resolution adopted by its board of directors, consenting that service of process upon the Commissioner of Insurance of this state, in any action brought or pending in this state, shall be a valid service upon said company; and if process is served upon the commissioner it shall be his duty to at once send it by mail addressed to the company at its principal office.' * * *"

The case, in part, states:

"The purpose of the service of process is to acquaint the parties sued or proceeded against with the pendency of a proceeding, and no service that falls short of this complies with the requirements of the law. The ends of justice are not subserved unless the party proceeded against is advised of the pendency of the litigation by the service. Measured by this test, the appellant in this case was not served at all."

Other cases quoted from by the defendant are the cases of Knapp v. Bullock Tractor Co., D.C., 242 F. 543; King Tonopah Mining Company v. Lynch, D.C., 232 F. 485; Smyrnios v. Weintraub, D.C., 3 F. Supp. 439; State ex rel. Quincy, O. & K. C. R. Co. v. Myers, 126 Mo.App. 544, 104 S.W. 1146; Poeggler v. Supreme Council of Catholic Mut. Ben. Ass'n, 102 Neb. 608, 168 N.W. 194; Columbia Star Milling Co. v. Brand, 115 Miss. 625, 76 So. 557; Boyle v. Oro Plata Min. & Mill. Co., 14 Ariz. 484, 131 P. 155.

Supporting the constitutionality of our statute, we quote from Washington ex rel. Bond & G. & T. v. Superior Court, 289 U. S. 361, 53 S.Ct. 624, 627, 77 L.Ed. 1256, 89 A.L.R. 653:

"Complaint is made because other legislation validates substituted service on do-

mestic corporations having no office in Washington, and on foreign insurance companies registered to do business therein, only if the Secretary of State sends notice to the defendant. * * * It is said that a failure to make similar provision with respect to other foreign corporations deprives the appellant of the equal protection of the laws. The contention is without merit. The legislature was entitled to classify corporations in this respect, and a mere difference in the method of prescribing how substituted service should be accomplished works no unjust or unequal treatment of the appellant. Compare National Union F. Ins. Co. v. Wanberg, 260 U.S. 71, 43 S.Ct. 32, 67 L.Ed. 136."

The case of National Surety Co. v. Bell, 121 Okl. 48, 247 P. 343, 345, has reference to foreign corporations, as is true in most of the cases submitted by the defendant. This case has reference to an insurance company and the statute reads:

" 'It is hereby made the duty of the insurance commissioner to promptly, after such service of process, forward by registered mail, an exact copy of such notice to the company; * * *' "

We further quote:

"We think that subdivision 4 of section 6683, C.O.S.1921 [36 O.S.1941 § 101, subd. 4], is clear, plain, and unambiguous; that its meaning cannot be misunderstood. The insurance commissioner is made the lawful attorney and agent of the insurance company, and when service is had upon him as provided by the statute, it is then wholly adequate; the plaintiff in the instant case having complied with every requirement of the statute and the defendant having been in default, and there being no lawful reason given as set forth in defendant's motion why the judgment of the court rendered on May 9, 1925, should be set aside."

From the case of Silva v. Crombie & Co., 39 N.M. 240, 44 P.2d 719, we quote, and in so doing the facts are sufficiently related:

"The decisive question in this case is whether the appellee corporation had such notice of the suit, and was so far subject to the jurisdiction and laws of New Mexico, that it was bound to appear, or take the consequences of nonappearance.

"Comp.St.1929, § 32-150, provides for service upon the secretary of state, when the statutory agent of any foreign corporation, who has been designated as the agent upon whom process may be served, dies, resigns, or removes from the state, and cannot be found. This statute also provides that such service is effective to all intents and purposes as if made upon the president or head officers of the corporation. There is an additional proviso therein to the effect that the secretary of state shall within two days after such service notify such corporation by registered letter directed to such corporation at its registered office, in which letter there shall be inclosed the process or other paper served."

The trial court had ruled that the court had no jurisdiction of the appellee corporation because there had been no valid service of summons. We further quote:

" * * * The service upon the secretary of state was effective to all intents and purposes as if made upon the president or head officers of the corporation. If the Legislature had desired to make the service effective only when the secretary of state had notified such corporation, it could have so stated in plain language. Such language is discernible in the case of insurance companies. Comp.St.1929, § 71-114. The neglect of the secretary of state is not chargeable to the appellant. The Legislature chose its terms with discrimination, and made it plain that the service of process on the secretary of state is the effective service, not the notice by the secretary of state to the foreign corporation that renders it effective.

\* \* \* \* \* \*

"It appears to us that this question has been settled by the United States Supreme Court, in the case of State of Washington ex rel. Bond & Goodwin & Tucker, Inc. v. Superior Court of State of Washington for Spokane County et al., 289 U.S. 361, 53 S. Ct. 624, 626, 77 L.Ed. 1256, 89 A.L.R. 653.

"As said by the annotator in 89 A.L.R. 664: 'The question of the constitutionality of statutes providing for service upon foreign corporations through statutory agents, where no provision is made in the statute for communication of notice to the corpo-ration, would seem to have been finally set at rest by the decision in the reported case (State (of Washington) ex rel. Bond & Goodwin & Tucker v. Superior Ct., 289 U. S. 361, 53 S.Ct. 624, 77 L.Ed. 1256, 89 A. L.R. 653), holding constitutional a statute which provided that, if a foreign corporation should withdraw from the state and cease to transact business therein, it should continue to maintain an agent within the state upon whom service of process might be made until the Statute of Limitations should have run against prior causes of action accruing against the corporation, and that, in case the corporation should revoke the authority of such agent after withdrawal from the state and prior to the time that the Statute of Limitations would have run, then service of process might be made upon the secretary of state, despite the fact that it contained no provision requiring the secretary of state to notify the foreign corporation of the pendency of the action. This result is reached upon the ground that it was incumbent upon the foreign corporation, on its withdrawal from the state, to appoint an agent upon whom process might be served, and that if it failed to comply with the terms of the statute in this regard, it could not complain that the service provided for in lieu of the appointment of an agent was insufficient to give it notice.'"

▮ From the foregoing we hold that jurisdiction was obtained in the instant case when service was made by the sheriff on the Chairman of the Corporation Commission.

Under the defendant's second assignment, it claims that: "When a defendant is sued and receives no notice of the pendency of the suit or the service of process upon a state official and default is taken upon such service and judgment rendered, it is an abuse of discretion on the part of the trial court to refuse to set aside the default, vacate the judgment and permit the defendant to answer, where application is timely made and meritorious defense to the action is shown and it is made to appear by the plaintiff's own evidence that he is not legally entitled to the judgment rendered."

Our Rule 60(b), Rules of Civil Procedure, being Sec. 21-1502, A.C.A.1939, is:

"On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six (6) months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) to set aside within one (1) year a judgment obtained against a defendant not actually personally notified."

It is the law that this statute vests in the trial court the discretionary power to determine whether or not the party may be relieved from such a judgment.

Whether plaintiff sufficiently proved the allegations of his complaint is a matter which we cannot consider on this appeal. Where personal service has been made, as here, there is no requirement that the testimony be written and filed. Rule 55 of Civil Procedure for Superior Courts, Code 1939, §§ 21-1205 to 21-1209. Even if this were so, the provision would not be jurisdictional. Steinfeld v. Montijo, 9 Ariz. 250, 80 P. 325, 329. All well pleaded facts are admitted by the default. 34 C.J. 153, 173, 175. Any failure in the testimony is immaterial. The great weight of authority is that the plaintiff "is not required, in order to be entitled to a judgment by default, to establish his cause of action by further proof." 34 C.J. 188, section 408, Judgments; City of Los Angeles v. Los Angeles Farming & Milling Co., 150 Cal. 647, 89 P. 615; School Dist. No. 2 v. Shuck, 49 Colo. 526, 113 P. 511. The judgment is not within the inhibition of Section 21-1203 A.C.A.1939. It conforms to the complaint and demand made therein. Nor was it necessary to take evidence under Section 21-1206. Hamblin v. Superior Court, 195 Cal. 364, 233 P. 337, 43 A.L.R. 1509.

The real question here is, did the court abuse its discretion in denying defendant's application to set aside the judg-

ment on the ground of its mistake, inadvertence, surprise, or excusable neglect? It appears that the defendant through its adjuster was put on notice that a suit had been filed. Its excuse is that it waited for service to be made. It bases its excusable neglect wholly upon the failure of its statutory agent, the Corporation Commission, to advise it that service had been made. We are committed to the rule that where service had been made on a duly appointed statutory agent, and the agent failed to notify his principal, through mere carelessness, that such a showing does not constitute "excusable neglect but was indeed inexcusable neglect." Lynch v. Arizona Enterprise Min. Co., 20 Ariz. 250, 179 P. 956. We believe the majority of the cases support this view. 31 Am.Jur. 287, section 747, Judgments. If the statutory agent here was one by appointment, rather than by law, we would be impelled to follow the Lynch case. We see no reason to adopt a different rule where the agent has been made so by law rather than by appointment. Under the law, the defendant actually appointed each member of the commission as its agent. Unless, therefore, the showing made disclosed that the agents were excusable in failing to advise defendant of the summons, the court properly denied the application to set aside the judgment. The record is barren of any legal excuse on the part of the commission. It appears that the summons was placed in the files of the commission, and nothing further done about it. This is no justifiable excuse or neglect. Lynch v. Arizona Enterprise Co., supra; Gutierrez v. Romero, 24 Ariz. 382, 210 P. 470; Garden Dev. Co. v. Carlow, 33 Ariz. 232, 263 P. 623, 625; Missouri, Kansas & Texas R. Co. v. Ellis, 53 Okl. 264, 156 P. 226, L.R.A.1916E, 100; Gordon v. Harbolt, Cal.App., 280 P. 701; Larson v. Zabroski, 21 Wash.2d 572, 152 P. 2d 154, rehearing 155 P.2d 284.

We have repeatedly held that to justify setting aside a judgment on default, it must be shown that the defendant was excusable and without fault. Perrin v. Perrin Properties, 53 Ariz. 121, 86 P.2d 23, 122 A.L.R. 621, and cases cited page 125, Arizona Report. Defendant, though apprised that a suit had been filed, apparently made no effort to contact its agents to ascertain if service had been made. The matter of the service of the summons was called to the attention of the Commission not later than April 7, 1944, approximately 15 days after the entry of the judgment on March 22. No action appears to have been taken until two months thereafter either by the agents or the defendant. Under these circumstances, we cannot say that the court abused its discretion in denying the motion.

Nor need we consider the merits of the proposed defense, as set out in defendant's answer. The fact that defendant may have had a good defense to plaintiff's claim would not be sufficient to show that the trial court abused its discretion. Lynch v. Arizona Enterprise Co., supra; Perrin v. Perrin Properties, supra; McCanna v. Mu-

tual Invest. & Agency Co., 37 N.M. 597, 26 P.2d 231; Boles v. MacLaren, 152 Okl. 265, 4 P.2d 106.

Judgment affirmed.

LA PRADE and MORGAN, JJ., concur.