**NATIONAL SURETY CO. v. BELL et al.**

No. 17077—Opinion Filed Feb. 23, 1926.

Opinion Withdrawn March 23, 1926. Refiled and Rehearing Denied June 17, 1926.

(Syllabus.)

1. Insurance — Process Against Foreign Company—Validity of Service on State Insurance Commissioner Despite Error in Copy of Summons Forwarded by Him to Company.

Where, under subdivision 4 of section 6683. C. O. S. 1921, it is sought to serve a summons on a foreign insurance company, and such party complies with all the requirements under said subdivision of said section, and thereupon caused a summons to be issued on such foreign insurance company by delivering the same to the State Insurance Commissioner, such service is valid notwithstanding the fact that after the said summons is delivered to the said commissioner the commissioner makes an error in copying the summons thus delivered to him and forwards such erroneous copy to the insurance company.

2. Same—Insurance Commissioner as Service Agent of Company—Statute.

After the delivery of a valid summons on the Insurance Commissioner, it then becomes the duty of the Insurance Commissioner, as the lawful attorney of a foreign insurance company, under subdivision 4, section 6683.

C. O. S. 1921, to make out an exact copy of such summons and forward the same to the insurance company, and the duties of the insurance Commissioner after such service is had upon him, for and on behalf of the insurance company, become the acts of the insurance company for the reason that the statute makes such Insurance Commissioner the lawful attorney of the insurance company, under the provision of section 6683, C. O. S. 1921.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by James Bell and others against the National Surety Company and another. From refusal of court to vacate default judgment for plaintiffs, defendant named appeals. Affirmed.

West, Gibson, Sherman, Davidson & Hull, for plaintiff in error.

C. E. B. Cutler, for defendants in error.

LESTER, J. The parties will be referred to as they appeared in the court below.

This is a suit by the plaintiffs, James Bell and numerous other parties named in the petition filed in the court below, to recover from W. H. Wigton, and from National Surety Company as surety upon a bond given for the benefit of the employees of W. H. Wigton, in the sum of $15,000 for wages alleged to have been earned by the plaintiffs as coal miners in the employment of said W. H. Wigton. It was alleged in plaintiffs' petition that the National Surety Company executed for the said W. H. Wigton a bond in the penal sum of $15,000, conditioned that in the event of default in payment of wages earned by any of the employees of the said W. H. Wigton he would, and his surety, National Surety Company, should, pay all obligations incurred by him for labor in the operation of a certain lease made to him by W. T. Bowling and Harland Reed, as receivers appointed to hold and manage a lease owned by the Southwestern Coal & Oil Company.

The suit was instituted on the 14th day of February, 1925, by the filing of a petition in the superior court of Okmulgee county, and a summons to the defendants Wigton and Surety Company delivered to the sheriff of Okmulgee county, who made a return that these two defendants were not found. Thereafter, on the 25th day of February, 1925, an alias summons, directed to the sheriff of Oklahoma county, was issued, to be served upon the plaintiff in error, National Surety Company, by serving upon the Insurance Commissioner of the state of Oklahoma the summons therein. This summons was returned showing that it had been served by delivering a copy

to J. G. Read, Insurance Commissioner for the state of Oklahoma, in person on February 28, 1925. The summons so received by the Insurance Commissioner was copied by him and forwarded by him to the plaintiff in error, National Surety Company, at its offices in New York. The original summons as issued contained an indorsement that, "if defendant fail to answer, judgment will be taken for the sum of $15,000, with interest at the rate of six per cent. per annum from the 31st day of January, 1925, and cost of suit." The copy of the summons made under the provision of law by the Insurance Commissioner and forwarded by him to the plaintiff in error, was not so indorsed, but contained upon it the following indorsement: "If the defendant fail to answer judgment will be taken for the sum of $1,500, with interest at the rate of six per cent. per annum from the 31st day of January, 1925, and cost of suit."

Thereafter the defendant, National Surety Company, failed to appear, and judgment by default was entered by the trial court on the 9th day of May, 1925, for the sum of $15,000.

Subsequent to the entry of the said judgment, the defendant, apparently without knowledge of the fact that the same had been entered, filed its answer to petition of plaintiffs. Thereafterwards, on the 14th day of May, 1925, it filed its motion to set aside the default judgment so rendered against it. and for a new trial in which it set up an unavoidable casualty by which, it was alleged. it was prevented from answering within the time named in the summons, and also that the said defendant had a good defense against the said cause; and thereafter on the 2nd day of June, 1925, the defendant filed a supplemental motion to vacate said judgment, in which, its alleged as additional ground for a new trial and for the vacation of the said judgment "except a sum not in excess of $1,500." The court denied the motion of the defendant to set aside the said judgment, and the defendant prosecutes this appeal to reverse the action of the court in refusing to set aside its judgment rendered against the defendant on the 9th day of May, 1925. The defendant makes the following assignments of error:

"1. The superior court of Okmulgee county erred in overruling the motion and supplemental motion of the plaintiff in error. National Surety Company, to vacate the judgment rendered against it and to grant it a new trial.

"2. The superior court of Okmulgee county erred in overruling that portion of the supplemental motion of the plaintiff in error, National Surety Company, to declare void and to vacate all that portion of the judgment rendered against it in excess of the sum of $1,500, interest and costs."

The defendant in its argument states:

"There is substantially no controversy of fact in this cause, and therefore we deem it unnecessary to burden the court with an abstract of the testimony, as the matter raised by our specifications of error appears upon the face of the pleadings, process, and judgment referred to above and appearing plainly in the case-made, and the decision in this matter turns entirely upon the question as to whether or not there has been a proper and valid service upon the plaintiff in error, National Surety Company, by which any demand in excess of $1,500 may be asserted or maintained against it, and whether or not the act of the trial court in entering judgment for the sum of $15,000, interest and costs, was void or voidable, so as to be successfully attacked in this proceeding."

The defendant devotes its entire brief to the proposition that the judgment of the court was void or voidable, and insists that, on account of the defect therein, in the copy of the summons sent to it by the Insurance Commissioner of Oklahoma, the judgment should be set aside.

Section 6683, C. O. S. 1921, provides in part:

"No foreign insurance company shall be admitted and authorized to do business in this state until. * * *"

Paragraph 4 of the said section reads as follows:

"It shall, by duly executed instrument filed in his office, constitute and appoint the Insurance Commissioner, or his successor, its true and lawful attorney, upon whom all lawful processes in any action or legal proceeding against it may be served, and therein shall agree that any lawful process against it, which may be served upon its said attorney, shall be of the same force and validity as if served upon the company, and that the authority thereof shall continue in force, irrevocable, as long as any liability of the company remains outstanding in this state. Any process issued by any court of record in this state, and served upon such commissioner by the proper officer of the county in which said commissioner may have his office, shall be deemed a sufficient process on said company, and it is hereby made the duty of the Insurance Commissioner to promptly, after such service of process, forward by registered mail, an exact copy of such notice to the company; or, in case the company is of a foreign country, to the resident manager in this country; and also shall forward a copy thereof to the general

agent of said company in this state. For power of attorney, each company shall pay a fee of $3, and for each copy of process the Insurance Commissioner shall collect the sum of $3, which shall be paid by the plaintiff at the time of such service, the same to be recovered by him as a part of the taxable cost, if he prevails in his suit."

Thus it clearly appears that the Legislature provided the terms upon which a foreign insurance company might do business in this state, and one of the provisions as set forth in subdivision 4 provided the method of obtaining service upon such corporations. The force and effect of this subdivision is to the effect that a foreign insurance company is permitted, when it voluntarily accepts the conditions named in such statute, to transact business in the state of Oklahoma.

In the instant case the defendant, being desirous of entering the state for the purpose of doing business therein, fully accepted the terms of the statute as provided therein. One of these conditions provided:

"That upon the execution of an instrument by such foreign insurance company appointing the Insurance Commissioner, or his successor, its true and lawful attorney, upon whom all lawful processes in any action or legal proceeding against it may be served and therein shall agree that any lawful process against it, which may be served upon its said attorney, shall be of the same force and validity as if served upon the company, and that the authority thereof shall continue in force, irrevocable, as long as any liability of the company remains outstanding in this state."

It is provided that the process thus served upon the Insurance Commissioner shall be of the same force and validity as if served upon the company.

This statute further provided:

"Any process issued by any court of record in this state, and served upon such commissioner by the proper officer of the county in which said commissioner may have his office, shall be deemed a sufficient process on said company."

Thus it becomes a duty of the parties seeking the process on the Insurance Commissioner as an agent of the insurance company to have the process issued from a court of record, and in the instant case the process was issued from a court of record. The next requirement is that a proper officer of the county in which the said commissioner may have his office shall serve such process. In this case the deputy sheriff of Oklahoma county, Okla., served said process on the Insurance Commissioner in said county. And said officer obtained service on the Insur-

ance Commissioner in the county where such Insurance Commissioner had his office. And, as seen, when these requirements are met by the party seeking service upon said Insurance Commissioner, there is nothing further required o. him, for the statute then recites:

"The process is then complete and sufficient."

It is true that the statute further provides:

"It is hereby made the duty of the Insurance Commissioner to promptly, after such service of process, forward by registered mail, an exact copy of such notice to the company; or, in case the company is of a foreign country, to the resident manager in this country, and also shall forward a copy thereof to the general agent of said company in this state."

The latter duty is placed wholly upon the Insurance Commissioner, who is then acting in the capacity of a lawful attorney for the insurance company under the terms of the statute. Whatever may be the omission or default of such Insurance Commissioner, after a party has done all that is required of him to obtain legal service, then such omission or default, if any there be, is clearly chargeable to the party whom he represents. However, in this particular instance the Insurance Commissioner promptly forwarded to the insurance company a copy of the summons, although, evidently through inadvertence, a mistake was made on the indorsement of the summons in reference to the amount which the plaintiffs were seeking to recover. The summons provided that the defendant should answer by the 28th day of March, A. D. 1925. It was served upon the Insurance Commissioner on the 28th day of February, 1925. One copy of said summons was sent by the Insurance Commissioner on March 2, 1925, to its local representative, Eugene Whittington & Company, Oklahoma City, Okla., and also one copy was forwarded to the National Surety Company, 115 Broadway, New York, N. Y., on March 2, 1925. The said copy so forwarded to the National Surety Company was by them received on March 5, 1925. And it appears that the company made no appearance in said cause until they filed an answer therein on the 11th day of May, 1925, long after default and after a judgment had been given in favor of the said plaintiffs and against the defendant.

We have carefully examined the authorities submitted by the defendant, but each and every one of these authorities so submitted are not applicable to the facts herein.

In the case of the Fidelity & Casualty Company of New York v. Cross (Miss.) 89 South. 780, was involved the construction of a statute similar to the one in question, which provided:

"It shall, by a duly executed instrument filed in his office, constitute and appoint the Commissioner of Insurance, and his successor, its true and lawful attorney, upon whom all process in any action or legal proceeding against it may be served, and therein shall agree that any process against it which may be served upon its said attorney shall be of the same force and validity as if served on the company, and the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state. The service of such process shall be made by leaving a copy of the same in the hands or office of the said commissioner. Copies of such instrument certified by the said commissioner shall be deemed sufficient evidence thereof, and service upon such attorney shall be deemed sufficient service upon the principal."

The court in its syllabus, paragraph No. 1, supra, said:

".Section 2606, Code 1906 (section 5069, Hemingway's Code), providing that a foreign insurance company desiring to do business in the state shall file an instrument with the Insurance Commissioner making him its attorney in fact for service of process, and agreeing that such service shall be as effective as if served upon the company, where such agreement is filed and afterwards suit is filed, and process is served upon the commissioner as provided in the insurance chapter, such service is good and will support a judgment by default, and the insurance company cannot attack the validity of such service on appeal."

And in the body of the opinion it is said:

"We are of the opinion that the service provided under the terms of section 2606, Code of 1906 (Hemingway's Code, par. 5069). is sufficient, and that section 920, Code of 1906 (Hemingway's Code, par. 4094), is not applicable in this case, for the reason that by section 937, Code of 1906 (Hemingway's Code. par. 4115), this is a provision which makes the matter prescribed elsewhere within the meaning of that section. In other words, as to foreign insurance companies. the service under section 2606, Code of 1906 (Hemingway's Code, par. 5069), is sufficient. In the present case the company filed the appointment of the Insurance Commissioner as its attorney in fact, as required by this section, and for the purpose of suit the commissioner is, under the terms of the statute. the alter ego of the company."

We think that subdivision 4, of section 6683, C. O. S. 1921, is clear, plain, and unambiguous; that its meaning cannot be mis-

understood. The Insurance Commissioner is made the lawful attorney and agent of the insurance company, and when service is had upon him as provided by the statute, it is then wholly adequate. The plaintiffs in the instant case having complied with every requirement of the statute, and the defendant having been in default, and there being no lawful reason given as set forth in defendant's motion why the judgment of the court rendered on May 9, 1925, should be set aside, the refusal of the trial court to set aside its judgment rendered on May 9 is affirmed.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 33 C. J. p. 155 §893 (Anno).