RARDEN. *v.* R. D. BAKER CO.

1. STATUTES—INDIANA—CONSTRUCTION.

Under Indiana law statutes passed at the same session of the legislature and approved the same day are to be construed together and are cumulative.

2. JUDGMENT — FOREIGN JUDGMENT — FRAUD — EVIDENCE — ATTORNEY AND CLIENT.

Record in action on Indiana judgment *held,* insufficient to support claim that such judgment was procured through fraud, notwithstanding some evidence that plaintiff's former attorney in such State had turned case over to an attorney living 60 miles away from seat of the court after the litigation was begun without mentioning it to defendant's counsel although latter and plaintiff's former counsel lived near each other and saw each other frequently.

3. SAME—COMPROMISE AND SETTLEMENT — DEFENSES — COLLATERAL ATTACK.

Settlement of action prior to procurement of judgment is a defense on the merits but is not a proper basis for collateral attack upon such judgment when suit is brought upon it in another State.

4. SAME—PAYMENT—DEFENSES.

Defense of payment by a transaction occurring before entry of the judgment is unavailable in an action upon the judgment.

5. EVIDENCE—BEST EVIDENCE—INDIANA COURT RULES, PRACTICE AND PROCEDURE.

Testimony of experienced Indiana lawyer as to rules, practice and procedure of Indiana courts and officers relative to issuance of alias summons *held,* secondary evidence, the court rules and statutes, if any, being the best evidence.

6. PROCESS—ALIAS SUMMONS—FOREIGN JUDGMENT.

Since proper service of a first alias summons upon secretary of State of Indiana in action in that State against defendant Michigan corporation, which had failed to keep name of a resident agent on file in such office, was not vitiated by issuance and service of second alias summons, latter summons *held,* a nullity in action in Michigan on judgment upon default, entered on first alias two days before issuance of second alias, the question not having been brought up for decision

by the trial court (Burns' Indiana Stat. [1933], §§ 2–804, 25–306, 25–313).

7. CORPORATIONS — SUBSTITUTED SERVICE OF PROCESS ON FOREIGN CORPORATION—FAILURE OF AGENT.

In action in this State upon judgment against Michigan corporation obtained by default in Indiana circuit court after service of process upon secretary of State of Indiana in accordance with statutes of that State relative to admission of foreign corporations to do business therein, the subsequent mailing of a copy of such process by the secretary of State to defendant's principal office as shown by official records after defendant ceased to maintain a resident agent *held*, a directory and not a mandatory duty of such officer, any failure in respect to which is chargeable to defendant since, by Indiana statute, such officer is irrevocably appointed agent for such purpose in such case (Burns' Indiana Stat. [1933], §§ 2–804, 25–306, 25–313).

8. SAME — FOREIGN CORPORATIONS — ADMISSION TO DO BUSINESS — CONDITIONS.

A foreign corporation is only admitted to do business in a foreign State in compliance with the latter's law and impliedly accepts the provisions of such law in its application for admission.

9. SAME—FOREIGN CORPORATIONS—SUBSTITUTED SERVICE—INDIANA —STATUTES.

Under Indiana statutes relative to service of process on foreign corporation which has been admitted to do business but fails to keep a resident agent therein for service of process, service of process on secretary of State is the effective service and not latter's notice by registered mail to foreign corporation (Burns' Indiana Stat. [1933], §§ 2–804, 25–306, 25–313).

10. SAME—SUBSTITUTED SERVICE OF PROCESS—DEFAULT OF OFFICER.

Omission or default of officer designated by statute to receive substituted service of process upon foreign corporation is chargeable to the party whom he represents and not to party who has done all that is required of him to obtain legal service.

11. CONSTITUTIONAL LAW—STATUTES—DUE PROCESS.

Indiana statute, providing that in case foreign corporation which has been admitted to do business fails to maintain a resident agent service of process upon secretary of State as irrevocably appointed agent of such corporation should be of same legal force as if served on the corporation itself,

*held,* not unconstitutional as deprivation of property without due' process, in suit brought in Michigan on judgment obtained in action commenced by such substituted service of process (Burns' Indiana Stat. [1933], §§ 2–804, 25–306, 25–313).

Appeal from Oakland; Doty (Frank L.), J. Submitted January 8, 1937. (Docket No. 74, Calendar No. 39,306.) Decided March 1, 1937.

Action by William Rarden and John Rarden against R. D. Baker Company, a Michigan corporation, upon a judgment rendered by an Indiana circuit court. Judgment for defendant. Plaintiffs appeal. Reversed and judgment ordered entered for plaintiffs.

*Cooper, Royse, Gambill & Crawford* (*Douglas, Barbour, Desenberg & Purdy,* of counsel), for plaintiffs.

*Orph C. Holmes* (*Calvin N. Smith,* of counsel), for defendant.

BUTZEL, J. In 1930 defendant, a Michigan corporation, on securing a road-building contract in the State of Indiana, obtained a certificate of admission to do business in that State and, in accordance with the provisions of the Indiana corporation law, appointed one Jacob Ulrey as its resident agent. Chapter 215, § 61, of the Acts of Indiana Assembly for the year 1929 (6 Burns Indiana Stat. [1933], § 25–306), provides as follows:

"Each foreign corporation admitted to do business in this State, shall keep constantly on file in the office of the secretary of State an affidavit of its president or a vice-president and its secretary or an

assistant secretary, setting forth the location of its principal business office in this State, and the name of some person who may be found at such office as its agent or representative on whom service of legal process may be had in all suits and actions that may be commenced against it. For the purposes of this section the application for admission filed by a foreign corporation shall be deemed to be such an affidavit. As often as such corporation shall change the location of its principal business office in this State or change its agent for service of legal process or such agent shall be removed by death, resignation or incapacity, a new affidavit shall be immediately filed by such officers with the secretary of State.''

Plaintiffs, trucking contractors in Indiana, contracted to haul materials for defendant on the road-building job until its completion. Defendant dismissed plaintiffs on July 4, 1930, prior to such completion. Defendant claims that thereafter plaintiffs instituted suit against it in the State of Indiana for alleged breach of contract and that a settlement was made between the parties and the suit dismissed. Plaintiffs deny that there was any suit or settlement of the subject matter that was involved later in a suit brought by plaintiffs against defendant wherein plaintiffs recovered the judgment in question in the instant case.

According to the testimony of Mr. Baker, the president of the defendant company, a Mr. Johnson, succeeded Mr. Ulrey in August, 1930, in looking after the Indiana contract. Johnson's name was never registered in the office of the secretary of State nor a proper affidavit filed notifying the secretary of State that he was to be its resident agent. The corporation no longer maintained a resident agent in the manner required by the Indiana law. In July, 1931, plaintiffs began suit against defendant in the

circuit court for Greene county in Indiana, and a summons was duly issued. Service of process could not be had on a resident agent of defendant in Indiana, as it no longer had one, and an alias summons was issued. It was served upon the secretary of State in accordance with the following statutes which were in force at the time the suit was begun:

Chapter 215, § 68, of the Acts of Indiana Assembly 1929, approved March 16, 1929 (6 Burns' Indiana Stat. [1933], § 25–313), reads as follows:

"Service of Process. Whenever any foreign corporation admitted to transact business in this State shall fail to appoint and maintain in this State an agent upon whom service of legal process may be had, or whenever the certificate of admission of any foreign corporation shall be withdrawn or revoked, then and in every such case the secretary of State shall be irrevocably authorized as the agent or representative of such foreign corporation to accept service of legal process in any suit or proceeding that may be commenced against it for or on account of any obligation or liability growing out of any business done by it in this State. In every such case where service of process is had upon the secretary of State pursuant to this section, he shall forward a copy of the process by registered mail to the corporation at its principal office as shown by the records of his office.

"Any service so had on the secretary of State shall be returnable in not less than thirty days and shall be of the same legal force and validity as if served on the corporation itself."

Chapter 221, § 1, of the Acts of the Indiana Assembly 1929, approved March 16, 1929 (2 Burns' Indiana Stat. [1933], § 2–804), provides:

"(f) Process upon a foreign corporation authorized to do business in this State, may be served upon

its agent in this State appointed to receive service: Provided, however, That if the persons mentioned in subsections (a), (b), (c), and (f), hereunder cannot be found for service, process may be served upon the secretary of State of the State of Indiana and such secretary of State shall mail such process to the post-office address of the corporation as shown on its last annual report to the secretary of State, and such service shall be sufficient to give the court of issue jurisdiction of the corporation party."

These two statutes were passed at the same session of the legislature and approved on the same day. According to the Indiana law, they are to be construed together and are cumulative. *Princeton Coal Mining Co. v. Lawrence,* 176 Ind. 469 (95 N. E. 423, 96 N. E. 387); *Lincoln School Twp. v. American School Furniture Co.,* 31 Ind. App. 405 (68 N. E. 301).

It is unnecessary for us to decide whether the secretary of State of Indiana was required to send a copy of the process to defendant corporation by registered mail or only by regular mail, although the clerk in the office of the secretary of State testified that she sent a copy of the process to defendant by ordinary mail, at its correct address in Michigan, accompanied by a letter written by her. The court records also indicate that a second alias summons was issued, possibly owing to some confusion not fully explained. Defendant claims it received neither the first nor the second alias summons. Its default was entered on its failure to appear in response to the first alias summons and judgment was taken after default. The testimony showed that written notes in the record, kept by the judge who heard the case, were stricken out and it would inferentially appear that the notes referred to the issuance of the second alias summons. The judgment was taken on the first alias summons on May 10, 1932, two days

prior to the service on the secretary of State of the second alias. The judgment was for the amount of $4,885.66, and costs.

Plaintiffs then brought suit in the circuit court for Oakland county in this State to recover on the judgment thus previously obtained in Indiana. The case was heard without a jury. The trial judge found that the secretary of State's office of Indiana never notified the defendant company of the impending litigation as required by the Indiana statutes and that this was a jurisdictional defect rendering the judgment void.

The contention that the Indiana judgment is subject to collateral attack on the ground that it was procured through fraud is not supported by the record. Some testimony would indicate that an attorney who had represented plaintiffs in some former claim or litigation against defendant, was guilty of bad faith in that he turned over the case in which the judgment was secured to a lawyer living in a city some 60 miles away from the seat of the court, and after the litigation was begun, he never mentioned it to defendant's former counsel although they both lived nearby in a small city and saw each other very frequently. While this would show a lack of professional courtesy and savors of sharp practice, it would not be sufficient proof that the judgment was fraudulently obtained.

An attempt was made to show a prior settlement of the suit in question. A letter written by defendant, however, on April 29, 1931, long after the alleged settlement, shows that there still existed a controversy between the parties. Plaintiffs unsuccessfully objected to the lack of proper evidence showing that there had been a previous suit or settlement and claim that proof of such facts should have been shown by records and written documents in ex-

istence. An alleged settlement prior to the judgment would have been a defense on the merits in the Indiana court, but is not a proper basis for collaterally attacking the judgment when suit is brought upon it in another State. In *Hazel* v. *Jacobs,* 78 N. J. Law, 459 (75 Atl. 903, 27 L. R. A. [N. S.] 1066, 20 Ann. Cas. 260), the court held:

"The defense of payment, therefore, by a transaction occurring before the entry of the judgment, is unavailable in an action upon the judgment."

The case of *Smithman* v. *Gray,* 203 Mich. 317, is not *contra,* for it only holds that payment could be shown to prove that a power of attorney to confess judgment terminated when the debt was extinguished.

The trial court permitted an attorney of over 40 years of experience in Indiana to give secondary evidence as to the rules, practice and procedure of the Indiana courts and officers relevant to the issuance of an alias summons. He testified that an alias summons could only be issued upon an order of the court or by indorsement on the complaint. This testimony, if admissible, went to the regularity of the issuance of the alias summons. It was objected to by plaintiffs who stated that, at most, this was an opinion of the lawyer who had represented defendant; that it was secondary evidence and that the court rules or statutes of Indiana, if any, were the best evidence in proof of these matters. In *People* v. *Lambert,* 5 Mich. 349 (72 Am. Dec. 49), repeatedly followed, we upheld a similar objection.

The trial court in the instant case did not base its decision on any invalidity in the issuance of the alias summons. We asked for briefs on the question whether a judgment taken on a first alias summons

was valid if there were a second alias summons issued and outstanding. There is much confusion in the record as to just what did occur in reference to the issuance of the second alias. The deletion from the minutes by the trial judge of certain notes made after the first alias summons had been served on the secretary of State indicates that something appeared on his record in regard to the second alias summons, but was later stricken. Both the second as well as the first alias summons were served upon the secretary of State and no motion was filed in the Indiana court to quash either service. As the issuance of the second alias summons did not vitiate a proper service of the first alias, the second may be disregarded in the absence of any showing that defendant was misled thereby. In such instance the question could have been brought up by a motion to quash. Under the circumstances, we hold that the issuance of a second alias summons was a nullity when there is no showing by competent evidence of irregularity in the issuance or service of the first alias summons. In a somewhat similar case, it was held in *Farris* v. *Walter,* 2 Col. App. 450 (31 Pac. 231):

"In that case (*Barndollar* v. *Patton,* 5 Col. 46), the court held that an alias writ could issue where the first writ had proved defective, and had been quashed on motion. Such is not the condition of affairs in the case at bar. The first summons, although defective, was held to be a good and valid writ; consequently the necessity for issuing an alias writ, and the right to exercise the statutory privilege did not exist."

To like effect see *Gorman* v. *Steed,* 1 W. Va. 1. A contrary view is taken in *Mansur* v. *Pacific Mutual Life Ins. Co.,* 136 Mo. App. 726 (118 S. W. 1193).

The larger and decisive question in the case is whether sending of notice to the defendant corporation by the secretary of State of Indiana was essential for valid service under the Indiana statutes. For the purpose of this discussion, we assume without deciding that it was necessary to send a copy of the process by registered mail rather than by ordinary mail. The law provides that the secretary of State shall be irrevocably appointed as the agent or representative of the foreign corporation to accept service of process. We hold that the subsequent mailing of a copy of such process is only directory and not mandatory and that the failure of the agent to carry out his duty is chargeable to the principal. A foreign corporation is only admitted to do business in a foreign State in compliance with the latter's law and impliedly accepts the provisions of such law in its application for admission. The Indiana statute specifically provided that service on the secretary of State shall have the same force, validity and effect as if it were served on the corporation itself. In the recent case of *Washington, ex rel. Bond & Goodwin & Tucker, Inc.,* v. *Superior Court of Washington for Spokane County,* 289 U. S. 361 (53 Sup. Ct. 624, 89 A. L. R. 653), it was held that a statute of the State of Washington which provided for substituted service on a foreign corporation by serving the secretary of State was constitutional and not violative of due process, although it contained no provision for notice of any sort being sent to the corporation. This, however, does not decide whether, when the State statute does provide for sending a copy of the process by the secretary of State and that the secretary of State shall be the agent of the foreign corporation, his failure to send the notice invalidates the service of process so as to

render the judgment void. In *Silva* v. *Crombie & Co.,* 39 N. M. 240 (44 Pac. [2d] 719), the identical question arose and the court held:

"If the legislature had desired to make the service effective only when the secretary of State had notified such corporation it could have so stated in plain language. * * * The neglect of the secretary of State is not chargeable to the appellant. The legislature chose its terms with discrimination and made it plain that the service of process on the secretary of State is the effective service, not the notice by the secretary of State to .the foreign corporation that renders it effective."

In *National Surety Co.* v. *Bell,* 121 Okla. 48, (247 Pac. 343), where a statute, in addition to providing for service of process on foreign insurance companies through service upon the State insurance commissioner, further required the commissioner to forward a copy of the process to the insurance company and the commissioner inadvertently wrote $1,500 instead of $15,000 in the copy of the process sent to the foreign corporation, it was held that the entry of a default judgment against the insurance company for $15,000 was valid and binding upon the corporation. The court held:

"Whatever may be the omission or default of such insurance commissioner, after a party has done all that is required of him to obtain legal service, then such omission or default, if any there be, is clearly chargeable to the party whom he represents."

While we are loath to uphold the validity of a default judgment obtained through the mistake, neglect or disregard of defendant's agent, the secretary of State, we are nevertheless impressed with the fact that the statute makes the secretary of State the agent of defendant and states that "any service so

had on the secretary of State * * * shall be of the same legal force and validity as if served on the corporation itself.''

Under the circumstances, notice to the corporation is not a jurisdictional defect. While we appreciate the practical difficulties that may arise, there is nothing unconstitutional in the law and any desired changes must be left to the legislature. Foreign corporations may avoid these undesirable results by maintaining their own agents upon whom service of process can be made in accordance with the law of the foreign State.

We are constrained to reverse the decision of the lower court and remand the case for entry of judgment, with interest and costs. Plaintiffs will recover costs.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.