SABLAIN *v.* NATIONAL REFINING CO.

JUDGMENT—DEFAULT—GARNISHMENT—BILL TO ENJOIN COLLECTION— COLLATERAL ATTACK.

Order denying garnishee defendant's petition to set aside judgment, taken against him by default and from which no appeal was taken, became a finality, hence garnishee's bill to enjoin collection of judgment was properly dismissed as an attempted collateral attack.

Appeal from Ingham; Hayden (Charles H.), J. Submitted March 7, 1939. (Docket No. 107, Calendar No. 40,360.) Decided June 22, 1939.

Bill by Ray Sablain against National Refining Company, an Ohio corporation, to set aside a default and a judgment. Bill dismissed. Plaintiff appeals. Affirmed.

*John Wendell Bird,* for plaintiff.

*Gregg, Thompson & Glassen,* for defendant.

CHANDLER, J. On December 31, 1935, appellee commenced suit against the Petroleum Distributing Corporation, as principal defendant, and secured a judgment against said company on February 8, 1936. Subsequently, a writ of garnishment, returnable May 22, 1936, issued against appellant as garnishee defendant, and personal service thereof upon him was had. Appellant made no disclosure in writing, under oath, as commanded by said writ, and on June 5, 1936, his default was entered for his failure to do so. On June 11, 1936, the court ordered entry of judgment.

On June 16, 1937, appellant filed his bill of complaint herein, alleging that appellee was about to cause execution to issue upon said default judgment which would result in irreparable loss and injury to him. The bill further alleged the judgment so entered to be void, and prayed for an injunction restraining appellee from proceeding to enforce or collect said judgment in any manner, and that the same be decreed illegal, void, and of no effect. The trial court dismissed the bill of complaint, which action was followed by this appeal.

Appellant attacks the default judgment, claiming the same to be void because the writ of garnishment

was not personally served upon him but that a copy of said writ was left at his office with the bookkeeper, and also claiming said judgment to be void because no affidavit of his nonappearance was made and filed before the default judgment was taken.

The defendant by its answer denied that there had been no service made personally upon the garnishee defendant in the original suit, the plaintiff in this action, and also denied that there was no showing on behalf of the plaintiff in the garnishment proceedings to the effect that no appearance had been filed or disclosure made by the said defendant, plaintiff herein. These were the sole questions before the trial court in the instant case for determination.

The record shows that the testimony of three witnesses upon the question of the service of the writ of garnishment was taken, and that no question of the service of said writ is being raised on this appeal. The testimony of these witnesses does not appear in the record. The plaintiff herein offered in evidence the files of the circuit court for the county of Ingham in the case of National Refining Company v. Petroleum Distributing Corporation, principal defendant.

The trial court found that personal service of the writ of garnishment in the original suit had been had upon the garnishee defendant, plaintiff herein, stating, "I find that the sheriff's return of service on the writ of garnishment sets forth the facts." He further stated, "The opinion of this court in the law action denying plaintiff, Ray Sablain's (garnishee defendant in that action) petition to set aside the default judgment entered against him for failure to file his disclosure after personal service of the writ of garnishment on him, sufficiently sets forth the facts and as to the facts, may be treated as incorporated in this opinion." It therefore appears

that in the garnishment case this plaintiff petitioned the court to set aside the default judgment entered against him, which petition was denied. No appeal having been taken from the denial of the order of the court dismissing said petition, the judgment entered became a finality. In effect, this proceeding is an attempt to attack collaterally the final judgment rendered in the law case. The trial court was not in error in dismissing plaintiff's bill of complaint filed herein.

The decree is affirmed, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.