363 Mich. 396 (1961)
109 N.W.2d 823
In re BIZANES ESTATE.
UNITED STATES
v.
BIZANES.
Docket No. 57, Calendar No. 48,338.
Supreme Court of Michigan.
Decided June 29, 1961.
Charles K. Rice, Assistant United States Attorney General, Lee A. Jackson, A.F. Prescott, Crombie J.D. Garrett, Department of Justice Attorneys, and Wendell A. Miles, United States Attorney, for plaintiff.
*398 Gore & Williams (Charles W. Gore, of counsel), for defendant.
DETHMERS, C.J.
The pertinent facts are accurately and succinctly stated in the opinion of the circuit judge as follows:
"The commissioner of internal revenue determined that there were deficiencies in the Federal income tax of Peter Bizanes for the taxable years 1942 through 1948. The taxpayer petitioned the tax court of the United States for a redetermination of the deficiencies as determined by the commissioner. Peter Bizanes died before a hearing was had in the tax court. His widow, the sole beneficiary under his will, Anna Bizanes, was substituted in the tax court proceeding as the executrix of Peter Bizanes' estate. By stipulation, compromise consent decisions were rendered in the tax court proceeding.
"These decisions of the tax court were not appealed nor were they in any way vacated or set aside. On July 23, 1954, the commissioner of internal revenue duly assessed against the estate of Peter Bizanes the deficiencies as found by the tax court, together with the interest to the date of the assessments. Thereafter claimant filed with the probate court of this county a request to re-open the hearing on claims in the estate of Peter Bizanes for the purpose of filing a tardy claim covering the assessments so made.
"By order of the probate court dated the 21st day of February, 1955, the `commission on claims' was revived and Tuesday, March 29, 1955, at 10 o'clock in the forenoon was set for a hearing on the tardy claim of the claimant.
"Objections were filed by the estate under date of March 31, 1955. On April 28, 1955, the probate court appointed a referee to examine the delinquent claims and make recommendation to the probate court. The referee made a report on March 27, 1957, and recommended that the claims of the claimant be disallowed *399 on the ground that the executrix had no authority to enter into a consent stipulation resulting in the decisions of the tax court, but found that the computation of the entire claims with interest to February 27, 1957, totalled $12,148.69.
"The claimant filed objections to the report of the referee on April 9, 1957, and a hearing was had on November 27, 1957, before the probate court. The probate court held that the decisions of the tax court were res judicata on the amount of the deficiencies, but affirmed the disallowance of the claims on the ground that the revival of the commission on claims and the subsequent hearings on the claimant's claims were not properly before the court because of failure to comply with the requirements of the statute (CL 1948, § 708.18 [Stat Ann § 27.3178 (428)]) regarding the filing of tardy claims. This statute requires that the court `allow further time, not exceeding 1 month, for such creditor to present his claim.' No such order was entered by the probate court.
"The probate court also found that the certification of the decisions of the tax court were not proper in that there was no certification of the judgment of the decisions from the tax court `to the probate court' in accordance with the statute (CL 1948, § 708.23 [Stat Ann § 27.3178 (433)]).
"The issues to be decided, as agreed upon at the pretrial conference are: (1) As a question of law, was the amount of the claim of the United States judicially determined by the decisions rendered in the tax court of the United States? (2) As a question of law, was the claim of the United States properly filed and proved in probate court?"
From the probate court order disallowing the claim of plaintiff, United States of America, the latter appealed to circuit court. That court reversed the order of the probate court and allowed the claim. Defendant appeals here.
*400 Defendant says that upon the death of her decedent the tax court of the United States lost jurisdiction of the parties and the subject matter and the only recourse left to plaintiff was to file its claim in the probate court. Rusk v. Commissioner of Internal Revenue (CCA7), 53 F2d 428, holds directly to the contrary. See, also, Hague Estate v. Commissioner of Internal Revenue (CCA2), 132 F2d 775, and Rule 23(a) and (d) of the rules of practice before the tax court of the United States providing for substitution of fiduciary upon death of a petitioner. The tax court did not lose jurisdiction.
Defendant attacks the tax court decision on the ground that it rests on the stipulation of the executrix of defendant estate. Defendant cites cases to the effect that claims against an estate must be proved before the commissioners on claims or the probate court, that the necessity for such proof cannot be waived by the executrix and that the estate cannot be bound by the executrix's stipulation consenting to allowance of a claim. In re Lane's Estate, 281 Mich 70; In re Griffin's Estate, 309 Mich 376. If controlling of the proofs required in support of claims against decedents' estates presented in Michigan courts, as defendant claims, the rule announced in those cases cannot govern proceedings in the tax court of the United States nor fix the proofs requisite to decision in that court.
We are confronted with a decision of the tax court. Defendant cites cases for the proposition that it is not a court, but an independent agency in the executive branch of the government. Old Colony Trust Company v. Commissioner of Internal Revenue, 279 US 716 (49 S Ct 499, 73 L ed 918). In United States v. International Building Co., 345 US 502 (73 S Ct 807, 97 L ed 1182), it was held, however, that judgments of that court on specific tax claims are res judicata of those claims. The tax *401 court had jurisdiction of the subject matter and of defendant's decedent in his lifetime and, as we have already noted, did not lose jurisdiction of the case upon his death. It made a decision of liability on the claims which is res judicata thereof. Whatever its basis or supporting proofs, that decision and judgment thereon are not subject, as here attempted, to collateral attack. Sablain v. National Refining Co., 289 Mich 269. See, also, Adams v. Adams, 304 Mich 290; Life Insurance Company of Detroit v. Burton, 306 Mich 81; Rarden v. R.D. Baker Co., 279 Mich 145.
Defendant attacks the probate court proceedings on the ground that that court, in allowing plaintiff to present its tardy claim, did not limit the time therefor to 1 month as directed in CL 1948, § 708.18 (Stat Ann § 27.3178[428]), and further that the judgment of the tax court was not certified, as in CL 1948, § 708.23 (Stat Ann § 27.3178[433]), provided, "to the probate court." The objection that failure to limit the time for presenting plaintiff's claim to 1 month is jurisdictional is without merit. Cases cited to the effect that the jurisdiction of probate courts is purely statutory are not apposite. Here the statute empowers the probate court to revive the commission on claims and reopen the hearing on claims. Its jurisdiction for that purpose is therefore beyond question. That the court failed, in its order, to specify that the tardy claim should be presented within 1 month, but fixed the date for hearing such claim a week beyond the month period following the date of the order did not destroy its jurisdiction to make the order reviving the commission on claims. No objection was made by defendant before the referee or probate court to the order, but, instead defendant appeared before the referee and proceeded with her opposition to the claim. Defendant thereby waived her objections thereto. While the certificate *402 of the tax court attached to its decision and judgment, as filed in the probate court, was not specifically addressed to the latter, it amounted to substantial compliance with the statutory language providing for its certification to the probate court.
Judgment of the circuit court affirmed, with costs to plaintiff.
CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.