NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY,
Plaintiff in Error,

v.

Jane Louise HIGHLEY, Defendant in Error.

No. 40779.

Supreme Court of Oklahoma.

July 26, 1966.

As Corrected July 27, 1966.

Ben L. Burdick, L. E. Stringer, Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, for plaintiff in error.

Howard K. Berry, Charles N. Berry, Jr., Oklahoma City, for defendant in error.

PER CURIAM.

Jane Louise Highley, the plaintiff and beneficiary under a policy of life insurance

issued by Northwestern National Life Insurance Company of Minneapolis, Minnesota, brought this action on such policy of life insurance on the life of Mont F. Highley, Jr., plaintiff's deceased husband. The parties occupy in this Court positions inverted from those at the trial level, yet the trial court designation of the parties will be used.

Defendant had issued the policy of insurance on the life of Mr. Highley for the principal sum of $6000.00. The policy contained a provision commonly called "double indemnity," promising to pay an additional $6000.00 in the event the insured met death by accidental means. Plaintiff's petition recited issuance of the policy, death by accidental means, and defendant's failure to pay. The principal sum of insurance under the policy has been paid by defendant and is not involved in this action.

A summons was issued for the defendant and served upon the Insurance Commissioner of the State of Oklahoma, as required by law for a foreign insurance company. The service and return of summons is proper in all respects. When the Insurance Commissioner received the summons, it was forwarded to Northwestern National Insurance Company of Milwaukee, Wisconsin, a company similar in name to the defendant but totally unrelated to it. Later, that year, in December, 1962, a judgment was rendered by default in favor of the plaintiff and against the defendant. In the following February, execution was issued by the plaintiff and the execution was also served upon the Insurance Commissioner; yet, on this occasion, the Insurance Commissioner correctly transmitted the process served upon him to the defendant and the defendant, being then provoked to investigation, immediately filed its motion to vacate.

In the defendant's motion to vacate, an irregularity in obtaining judgment was recited and it was shown that the Insurance Commissioner had forwarded the summons to Northwestern National Insurance Company of Milwaukee, Wisconsin, rather than to Northwestern National *Life* Insurance Company of Minneapolis, Minnesota.

The motion continued to recite that the defendant had a valid defense to the action since the insured allegedly died of a heart condition rather than from accidental means.

A hearing was conducted on the motion to vacate in which the defendant clearly proved the mistake of the Insurance Commissioner. When the trial court overruled the defendant's motion to vacate, this appeal was perfected. It is 36 O.S.1961, § 621 which sets forth the means of serving process upon a foreign insurance company. Such section 621 establishes the Insurance Commissioner as the attorney for the foreign insurer to receive service of process and provides that service upon that official is the only manner in which a foreign insurer may be served. Section 622 recites that "[u]pon receiving such service the Insurance Commissioner shall promptly forward a copy thereof by registered mail to the person last designated by the insurer to receive the same." This section also provides that service of process upon the Insurance Commissioner and forwarding a copy to the insurer "shall constitute service thereof upon the insurer."

The contention of the defendant is that under 36 O.S.1961, §§ 621, 622, there was really no service upon the defendant, since the summons was mailed to the wrong insurance company. The contention of the defendant is that in order to constitute service upon the insurer, a copy of the summons must be forwarded to that insurance company. In response, the plaintiff asserts under the authority of Gaghagen v. Lehmer, 170 Okl. 372, 40 P.2d 1046, that by the filing of a motion to vacate in which it was contended that service of summons was improper and that there was in existence a valid defense, a general appearance was entered by the party filing the motion with a resulting waiver of all irregularities of service of process. In other words, the plaintiff's position is that to challenge the proceedings on the ground of lack of juris-

diction, a party must rely upon that ground only, and that the allegation of a valid defense in the motion to vacate constitutes a waiver of the lack of jurisdiction.

As has been noted, copy of the summons was not timely forwarded to the defendant as required by section 622. We are of the opinion that forwarding the summons to an insurance company other than the defendant did not constitute valid service for the reason that section 622, supra, expressly states that "[p]rocess served upon the Insurance Commissioner and copy thereof forwarded as in this section provided, shall constitute service upon the insurer."

■ Therefore, there being fatally defective service in this action, we are then confronted with the question whether the defendant insurance company waived that defect by the filing of the motion to vacate in which it asserted a valid defense.

The cases relied upon by the plaintiff, such as National Surety Company v. Bell, 121 Okl. 48, 247 P. 343, are inapplicable since that decision involved a different statute, since repealed, and for the further reason that in that case the insurance company did actually receive a copy of the summons.

■ The rules of pleading have been in the past years relaxed so that many of the former pitfalls no longer exist. The trend throughout the nation is to liberalize all rules in regard to pleadings so that courts may focus their attention on the substantive merits of the dispute rather than upon procedural matters. We feel that if it is necessary, the allegations in the motion of the defendant may be considered surplusage and disregarded, for it must be recalled that the issues of this case have never been litigated upon their merits, and the defendant has yet to be heard. Elemental fairness requires that the defendant be permitted to speak "before the court-room lights are dimmed." This court long ago answered the argument of the plaintiff in Griffin v. Jones, 45 Okl. 305, 147 P. 1024, pp. 1027, 1028:

"* * It has been said that a judgment which is void for want of service

is no judgment at all; and to hold that after a judgment in form only has been entered against a party, which in fact and in law is no judgment, by his appearance in an effort to relieve himself from such judgment which is apparently valid, but which in fact is void, is carrying the rule of estoppel and waiver to the extreme. Not only have defendants never had their day in court, but they have had no opportunity to have it, and without any fault on their part * * *"

"* * * We are told that, although this judgment was void prior to defendants' appearance, yet by appearing and on account of their indiscretion in challenging the judgment as inequitable, as well as on the grounds of jurisdiction of the court, they have waived all irregularities and errors, and are now estopped from raising any questions, other than jurisdictional; that it matters not how unjust and inequitable the judgment may be, notwithstanding the trial court may have grossly misconceived its authority and duty, and by reason whereof prejudicial error is obvious, yet the court is not warranted in granting relief. We are unwilling to subscribe to this doctrine * * *"

■ Furthermore, defendant did not request additional affirmative relief. If the position of the plaintiff were upheld, we would have grave doubts concerning its validity under objections that the defendant has been denied due process of law. Due process requires notice of litigation, and after notice an opportunity to be heard. The defendant here neither received notice nor was given the opportunity to speak.

We do not deem a reply to the other propositions advanced by the plaintiff, asserting alleged grounds for affirmance, to be warranted.

We determine that the orders of the trial court denying the motion of the defendant to vacate and overruling its motion for new trial based thereon were erroneous and its action is, therefore, reversed and cause remanded with directions to sustain the

motion of the defendant to vacate and proceed further in a manner not inconsistent herewith.

Reversed and remanded.

The Court acknowledges the services of Special Master Jay C. Baker, who, with the aid and counsel of Special Masters Norma Wheaton and Richard H. Wills, Jr., prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Williams, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and LAVENDER, JJ., concur.