WASHINGTON EX REL. BOND & GOODWIN & TUCKER, INC. *v.* SUPERIOR COURT OF WASHINGTON FOR SPOKANE COUNTY ET AL.

No. 663. Argued April 19, 1933.—Decided May 8, 1933

*Mr. Frank E. Holman*, with whom *Messrs. Elmer E. Todd, William M. Allen,* and *Clarence R. Innis* were on the brief, for appellant.

*Mr. Parker W. Kimball*, with whom *Mr. Herbert W. Erskine* was on the brief, for appellees.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This is an appeal from a final decree of the Supreme Court of the State of Washington refusing a writ of prohibition to prevent the further prosecution of an action pending in the Superior Court of Spokane County.

Bond & Goodwin & Tucker, a Delaware corporation, qualified in 1926 to do business in the State of Washington, pursuant to the applicable statute.[1] One Duncan Shaw of Seattle, was appointed resident agent for the acceptance of service of process, as the law required. In 1929 the company withdrew from the State, ceased to transact business there, and filed formal notice of withdrawal with the Secretary of State. The corporation was dissolved in accordance with the laws of Delaware, but the appointment of Shaw as statutory agent was never revoked. In 1929 he removed to California. In 1932 one Monroe commenced a civil action in the Superior Court, naming Bond & Goodwin & Tucker as one of the defendants, and instructed the sheriff to serve the summons and complaint upon the Secretary of State. The return and proof of service show that this was done by handing the papers to an assistant Secretary. Neither the summons and complaint nor any copy of them, nor any notice touching the same, were forwarded to Bond & Goodwin & Tucker by the Secretary of State or anyone else. No other form of service was made.

---

[1] Section 3854, Remington's Compiled Statutes, 1922.

The appellant appeared specially and moved to quash the service. The motion was overruled. Thereupon application was made to the Supreme Court of the State for a writ of prohibition. The present appeal is from the judgment refusing the writ.

The appellant urges that the statute denies the due process and equal protection guaranteed by the Fourteenth Amendment. The first contention rests upon the fact that substituted service upon the Secretary of State is validated without any requirement that he shall give the defendant notice of the pendency of the action; the second is bottomed upon the circumstance that a different procedure requiring the Secretary of State to send notice to defendants is prescribed as respects suits against domestic corporations having no office within the State, and foreign insurance companies.

The statute requires a foreign corporation to appoint and register a resident agent empowered to accept service of process in any action or suit pertaining to the property, business or transactions of such corporation within the State. The agent may be changed by filing with the Secretary of State a new appointment. The portion of the Act which gives rise to the present controversy is:

". . . in the event such foreign corporation shall withdraw from this state and cease to transact business therein it shall continue to keep and maintain such agent within this state upon whom service of process, pleadings and papers may be made, until the statute of limitations shall have run against anyone bringing an action against said corporation, which accrued prior to its withdrawal from this state. In case said corporation shall revoke the authority of its designated agent after its withdrawal from this state and prior to the time when the statutes of limitations would have run against causes of action accruing against it, then in that event service of process, pleadings and papers in such actions may be made upon the secre-

tary of state of the state of Washington, and the same shall be held as due and sufficient service-upon such corporation."

We are told that when the appellant appointed Shaw and registered him as its agent to accept service, it had complied with all conditions requisite to its lawful transaction of business within the State; that the provision for another sort of substituted service in the event of Shaw's removal from the State, or the revocation of his appointment without registration of another agent, is permissible only if it requires notice to the defendant; that by qualifying as a foreign corporation appellant did not consent to the arbitrary and unconstitutional condition that it might be cast in judgment without notice of suit. We think, however, that the position is unsound.

The State need not have admitted the corporation to do business within its borders. *Bank of Augusta* v. *Earle,* 13 Pet. 519; *Lafayette Insurance Co.* v. *French,* 18 How. 404, 407. Admission might be conditioned upon the requirement of substituted service upon a person to be designated either by the corporation, *St. Clair* v. *Cox,* 106 U.S. 350, 356, or by the State itself, *Mutual Reserve Assn.* v. *Phelps,* 190 U.S. 147, 158, or might, as here, be upon the terms that if the corporation had failed to appoint or maintain an agent service should be made upon a state officer, *American Railway Express Co.* v. *Royster Guano Co.,* 273 U.S. 274, 280. The provision that the liability thus to be served should continue after withdrawal from the State afforded a lawful and constitutional protection of persons who had there transacted business with the appellant. *American Railway Express Co.* v. *Kentucky,* 273 U.S. 269, 274.

It has repeatedly been said that qualification of a foreign corporation in accordance with the statutes permitting its entry into the State constitutes an assent on its

part to all the reasonable conditions imposed. *Lafayette Insurance Co.* v. *French, supra,* 408; *St. Clair* v. *Cox, supra,* 356; *Connecticut Mutual Life Insurance Co.* v. *Spratley,* 172 U.S. 602, 614; *Old Wayne Mut. Life Assn.* v. *McDonough,* 204 U.S. 8, 22; *Commercial Mutual Accident Co.* v. *Davis,* 213 U.S. 245, 254. It is true that the corporation's entry may not be conditioned upon surrender of constitutional rights, as was attempted in the cases on which the appellant relies. *Terral* v. *Burke Construction Co.,* 257 U.S. 529; *Fidelity & Deposit Co.* v. *Tafoya,* 270 U.S. 426; *Frost Trucking Co.* v. *Railroad Commission,* 271 U.S. 583; *Hanover Fire Insurance Co.* v. *Harding,* 272 U.S. 494. And for this reason a State may not exact arbitrary and unreasonable terms respecting suits against foreign corporations as the price of admission, *Power Mfg. Co.* v. *Saunders,* 274 U.S. 490. But the statute here challenged has no such operation. It goes no further than to require that the corporation may be made to answer just claims asserted against it according to law. By appointing a new agent when Shaw ceased to be a resident of the State the appellant could have assured itself of notice of any action. The statute informed the company that if it elected not to appoint a successor to Shaw the Secretary of State would by law become its agent for the purpose of service. The burden lay upon the appellant to make such arrangement for notice as was thought desirable. There is no denial of due process in the omission to require the corporation's agent to give it such notice.

The power of the State altogether to exclude the corporation, and the consequent ability to condition its entrance into the State, distinguishes this case from those involving substituted service upon individuals, *Flexner* v. *Farson,* 248 U.S. 289; *Wuchter* v. *Pizzutti,* 276 U.S. 13, whose entrance into a State may render them amenable to action there, only if the statute providing for substituted

service incorporates reasonable provision for giving the defendant notice of the initiation of litigation, *Hess* v. *Pawloski,* 274 U.S. 352. · The fact that appellant qualified to do business in the State and complied with the registration statute also distinguishes cases of attempted service on a state official pursuant to a statute with which the defendant corporation had never complied, and where at the time of suit it had removed from the state and was transacting no business there. *Old Wayne Mutual Life Assn.* v. *McDonough, supra; Consolidated Flour Mills Co.* v. *Muegge,* 127 Okla. 295; 260 Pac. 745; 278 U.S. 559.

Appellant suggests that it was denied due process because the Act demands service upon the Secretary of State, whereas the summons and complaint were handed to an assistant Secretary. The State court has held the service sufficient since the assistant Secretary in contemplation of law was the Secretary. This construction of the statute raises no federal question.

Complaint is made because other legislation validates substituted service on domestic corporations having no office in Washington, and on foreign insurance companies registered to do business therein, only if the Secretary of State sends notice to the defendant. It is said that a failure to make similar provision with respect to other foreign corporations deprives the appellant of the equal protection of the laws. The contention is without merit. The legislature was entitled to classify corporations in this respect, and a mere difference in the method of prescribing how substituted service should be accomplished works no unjust or unequal treatment of the appellant. Compare *National Union Fire Ins. Co.* v. *Wanberg,* 260 U.S. 71.

The judgment is

*Affirmed.*