NAPOLEON OUELLETTE AND EMERIQUE CLOUTIER

*vs.*

CITY OF NEW YORK INSURANCE CO.

Cumberland.    Opinion, September 20, 1934.

Benjamin L. Berman,
David V. Berman, for plaintiffs.
Perkins & Weeks, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

THAXTER, J.  This case is reported to this court on an agreed statement of facts. The issue is the validity of a service of process on the defendant, a foreign insurance company, as trustee of one Marie C. Roy.

Marie C. Roy was the owner of certain real estate. This defendant insured the buildings against fire. The policy was issued by one A. P. Saindon, a resident of Maine, who, on the date of the issuance of the  policy, was a duly appointed and licensed agent of the defendant for the purpose of soliciting business and endorsing, countersigning and issuing policies under the provisions of Section 122, Ch. 60, Rev. Stat., 1930, and with such authority as such agent had expressly or as implied by law. The license issued to Saindon under the provisions of said section of the statutes expired June 30, 1931. The buildings insured were destroyed by fire February 23, 1931. The fire loss was subsequently adjusted; but, prior to the payment to the insured of the amount due, these plaintiffs brought suit in the Superior Court for the County of Androscoggin against the insured on a claim amounting to $214.88, and alleged that the defendant herein was a trustee of the insured. On March 16, 1931 a trustee summons was served upon Saindon by a duly qualified deputy sheriff whose return is as follows:

"Androscoggin, ss:

By virtue of the within writ, on the 16th day of March, A. D. 1931, at 2:05 o'clock in the afternoon I summoned the City of New York Insurance Company, the within named alleged trustee, to appear at court as within commanded, by giving in hand to A. P. Saindon, its agent, a summons therefor.

RAYMOND L. POULIN,
*Deputy Sheriff.*"

On February 26, 1931 the defendant had revoked the appointment of Saindon as its agent and severed all relations with him, but gave no notice of such action to the insurance commissioner of the State of Maine and made no request for the revocation of his license. Nor did the plaintiffs have any knowledge of such revocation. Saindon sent no word to the defendant of the service on him of the trustee process. The insurance company filed no disclosure, entered no appearance, was defaulted, and charged as trustee in the sum of $229.89, and judgment therefor was rendered against it on June 30, 1932.

The amount due on the insurance policy was paid to Marie C. Roy in the sum of $228.54, and the balance to three mortgagees having valid liens on the property. These payments were made April 27, 1931, subsequent to the service of the trustee process on Saindon, but without actual knowledge by the insurance company of the existence of the trustee suit.

The present suit is a scire facias on the judgment claimed to have been obtained against this defendant as aforesaid; and the sole question is whether the service on Saindon under the circumstances was sufficient to charge the defendant as trustee.

Service of trustee process on all foreign corporations is provided for by Rev. Stat. 1930, Ch. 100, Sec. 8, which reads in part as follows:

"All domestic corporations and all foreign or alien companies or corporations established by the laws of any other state or country, and having a place of business, or doing business, within this state may be summoned as trustees, and trustee writs may be served on them as other writs are served on

such companies or corporations, except that the service shall be by the summons described in section three of this chapter."

The question to be determined, accordingly, is how are other writs served on such companies.

The law is settled that a state is not required to admit a foreign corporation to do business within its borders. The state may, therefore, make reasonable requirements with respect to substituted service of process on a state officer or on a person to be designated by the corporation; and the qualifications of a foreign corporation to do business within a state in accordance with the statutes permitting its entry is an assent by it to all such reasonable conditions. *Bank of Augusta* v. *Earle*, 13 Pet., 519, 10 Law Ed., 274; *State of Washington Ex Rel. Bond & Goodwin & Tucker, Inc.* v. *Superior Court of the State of Washington for Spokane County*, 289 U. S., 361, 77 Law Ed., 1256.

Rev. Stat. 1930, Ch. 56, Sec. 106, provides for the appointment by a foreign corporation of an agent upon whom process may be served, whose appointment shall continue in force until revoked by an instrument in writing designating some other person to act in such capacity. This provision does not, however, apply to a foreign insurance company, and no statute has been cited which requires such company to designate an agent in this state other than the insurance commissioner for the sole purpose of accepting service of process. Service is, however, provided for in certain specified instances.

Rev. Stat. 1930, Ch. 60, Sec. 118, authorizes service in a suit by one having a claim against any foreign insurance company to be made upon any duly appointed agent of the company. The original action brought by these plaintiffs, however, was not on a claim against the insurance company, but against Marie C. Roy. Assuming that Saindon could then be regarded as the "duly appointed agent" of the company, service could not be justified under this clause.

Rev. Stat. 1930, Ch. 95, Sec. 22, provides that service is sufficient if made on the person who signed or countersigned the policy. This provision likewise does not apply, because it relates only to an action on the policy of insurance.

Rev. Stat. 1930, Ch. 95, Sec. 19, and Ch. 60, Sec. 119, in connection with Ch. 100, Sec. 8, authorize service of a trustee summons on an agent of a foreign insurance company. At the time, however, of the service on Mr. Saindon his authority to act as agent had been revoked.

In the absence of an estoppel on the part of the defendant to set up the revocation of the agent's authority, the plaintiffs had their option of serving their summons either on the insurance commissioner as provided in Ch. 60, Sec. 119, or on one who was an agent of the company in fact.

The plaintiffs claim, however, that in any event the defendant is estopped to deny the authority of Saindon as agent.

There is, however, nothing in the agreed statement to indicate that, after the revocation of the agent's authority, the defendant did anything to hold him out as its agent. The plaintiffs' only claim is that the defendant filed with the insurance commissioner no request for a revocation of the agent's license as provided for in Rev. Stat. 1930, Ch. 60, Sec. 123, and that his license to act as agent did not expire until July 1, 1931. The provisions of Ch. 60, Sec. 122, providing for the licensing of an agent by the insurance commissioner, presuppose his appointment by the principal. In the absence of any statutory provision requiring revocation of the appointment to be recorded, such action could be validly taken by the company at any time.

It is unnecessary to decide whether the failure of the defendant to request the insurance commissioner to revoke the license of its agent would under proper circumstances constitute an estoppel against the company, for in this case one of the requisites of an estoppel is lacking. It is admitted in the agreed statement that "the plaintiffs and their attorneys had no actual knowledge, prior to the entry of said trustee writ in court, as to whether or not said record and files of the insurance department of the State of Maine disclosed the granting or revocation of said appointment and license." To raise an estoppel there must be, either by words or conduct, a misrepresentation of fact by one party and a reliance thereon by another. In this case the second element is wanting.

*Judgment for the defendant.*