[Civ. No. 14033. Second Dist., Div. Three. Apr. 10, 1944.]

EMERSON WATTS, Respondent, v. D. & B. OIL COMPANY (a Corporation), Appellant.

Arthur C. Fisher for Appellant.

Don R. Lehman and A. A. Goldstone for Respondent.

DESMOND, P. J.—The plaintiff in this case, as assignee of a series of notes and a claim for money, secured a judgment by default against the defendant, a California corporation, on March 24, 1942. Counsel for defendant, appearing specially four months later, on July 23, 1942, gave notice of his intention to move to vacate the default entered in the action, as well as the default judgment, and to quash the purported service of summons. On August 27, 1942, the trial court denied said motion "without prejudice to the filing of a motion under Section 473 of the Code of Civil Procedure."

Counsel for appellant made no motion under section 473 but appeals from the order and undertakes to state his case as follows: "The sole question involved in this appeal is whether service on the Secretary of State, instead of service on the officers of a domestic corporation, is provided for by

Section 411, Subdivision 1, of the Code of Civil Procedure, and, if so, is said section valid and constitutional. An examination of the transcript will disclose the fact that the appellant herein maintained its office in the City of Pasadena at all times involved in the litigation, and was listed in the telephone directory of the Los Angeles Extended Area at all times mentioned in the complaint; that plaintiff and plaintiff's attorney knew the address of appellant and the whereabouts of its officers, but proceeded on the theory that Section 411, Subdivision 1, of the Code of Civil Procedure required service on the Secretary of State instead of on the officers of the corporation.''

Replying, the respondent states that ''At the time the action herein was commenced and summons and complaint served, the only method available for service under Section 373 of the Civil Code upon a California corporation which had failed to file in the office of the Secretary of State a designation of agent upon whom process could be served was service upon the Secretary of State. The defendant had failed to file such a designation, and summons and complaint were served upon the defendant by serving the Secretary of State pursuant to the statute.''

Section 411 of the Code of Civil Procedure appears in title V of part II of that code, under the caption, ''Manner of Commencing Civil Actions,'' and subdivision 1 thereof, in the year 1942 when the instant case was filed, provided that summons must be served upon domestic corporations by delivering a copy to one of various named officers or a person designated for process or authorized to receive same ''if the corporation is an insurance company or is subject to the jurisdiction of the Railroad Commission; if such corporation is a bank or trust company, to any of the foregoing officers or agents thereof, or to a cashier or an assistant cashier thereof; otherwise, pursuant to Section 373 of the Civil Code.'' The defendant corporation in the instant case is not an insurance company or subject to the jurisdiction of the Railroad Commission; it is not a bank or trust company; therefore, counsel for plaintiff undertook to effect service of summons by resort to section 373 of the Civil Code under the direction contained in section 411 of the Code of Civil Procedure.

Section 373 of the Civil Code is found in that part of the

code dealing generally in matters concerning corporations of various kinds, including foreign and domestic corporations. In the year 1942 it provided in its first two paragraphs that "Every domestic corporation other than a bank, trust company, insurance company or a corporation subject to the jurisdiction of the Railroad Commission may file with the Secretary of State a certificate by the secretary or an assistant secretary thereof, designating a natural person residing within the State as its agent for the purpose of service of process and stating the complete business and residence address of such agent and the name and complete business and residence address of its president or other head, vice president or vice presidents, secretary, assistant secretary or assistant secretaries and general manager and the location and address of its principal office. The person named in the certificate as such agent may but need not be one of such officers. Service of any process against any such domestic corporation which has not filed such a certificate may be made by delivering a copy thereof to the Secretary of State or to any person employed in his office in the capacity of assistant or deputy. . . ." Section 373 also provided, *"Order for service on Secretary of State.* If personal service of process against such domestic corporation cannot be made with the exercise of due diligence as hereinabove provided and the fact appears by affidavit to the satisfaction of the court or a judge thereof, such court or judge may make an order that the service be made upon such corporation by delivering to the Secretary of State, or to any person employed in his office in the capacity of assistant or deputy, one copy of such order and one copy of such process for each defendant to be served. Service in such manner shall be and constitute personal service upon such corporation. *Forwarding of copies.* Upon the delivery, to the Secretary of State or to an assistant or deputy, of any such copy or copies pursuant to this section, the Secretary of State shall forward the same to the corporation by registered mail, with request for return receipt, addressed to the corporation at its principal office in this State, as shown by such certificate or certificates on file in his office or, if such certificate has not been filed, as shown by any other document on file in his office disclosing the location and address of such principal office, otherwise addressed to such corporation in care of the county clerk of the county in

which its principal office or place of business is located. The defendant shall appear and answer within 30 days after delivery of such copies to the Secretary of State. . . ." There is nothing in section 373 from which a determination can be made of what constitutes "due diligence as hereinabove provided," and there is nothing in the record to show that any court or judge ever made an order in the instant case that service upon the defendant corporation might be made by delivering to the Secretary of State, or any person employed in his office, a copy of such order. This language and this condition results in confusion—we might say, "confusion worse confounded" by the simple language that "service in such manner shall be and constitute personal service upon such corporation."

Prior to the hearing on the motion to vacate and quash, an affidavit was filed by the vice president and manager of the defendant company, from which it appears that the defendant company for many months prior to the commencement of the instant action had maintained a business office at 35 North Arroyo Parkway, Pasadena, and during all that time the name of the defendant, with the address and telephone number of the company, had appeared in the telephone directory; that said office had been open during business hours for the transaction of business, except on Sundays and public holidays; that at all times since the commencement of the action and for many months previously thereto, he had been in charge of the business office and, further, that the plaintiff and the plaintiff's attorney and the plaintiff's assignors "have at all times known of the location of the office of the D. & B. Oil Company, and of the names of the officers of the corporation upon whom service of process could be made."

Counsel for the plaintiff later filed an affidavit prior to the hearing upon the motion in which there was no denial of the allegations of the foregoing affidavit and from which it appeared that on February 6, 1942, when the complaint in this case was filed, an attachment was levied, of which he believes the defendant was informed. It also appears from this affidavit that in an effort to resolve the confusion arising from the code sections, which we have mentioned, he concluded from reading an article in the Los Angeles Daily Journal and another in the State Bar Journal "that the only way that service of process could validly be made upon the

above-named defendant was in the manner in which service was actually made and that such procedure was followed.''

From an affidavit of the Acting Secretary of State, it appeared that the complaint and summons had been delivered to him on February 11, 1942, pursuant to section 373 of the Civil Code of the State of California, for the purpose of serving the defendant, D. & B. Oil Company, therewith. From this affidavit it appeared also that the defendant company was incorporated under the laws of the State of California and at the time of service had not been dissolved and had not filed in his office the certificate provided for but not required by section 373. The affidavit of the Secretary of State further showed that on February 11, 1942, he had transmitted the copies of complaint and summons to said defendant by mailing to the county clerk of the County of Los Angeles, in which the principal office of the corporation was located, a sealed envelop containing said copies and a letter stating the fact of delivery thereof.

So far as the record discloses the process still rests in the hands of the county clerk of Los Angeles County since, under section 373 of the Civil Code, no duty devolves upon him to dispose of the process received from the Secretary of State. The county clerk was in the same position in *Bruhnke* v. *Golden West Wineries, Inc.* (1942), 56 Cal.App.2d Supp. 943 [132 P.2d 102], where it was held, as indicated in the syllabus, that ''The 1941 amendments to Civ. Code, § 373, and Code Civ. Proc., § 411, subd. 1, making service of process upon the Secretary of State mandatory in most cases as the only means of achieving legal service upon a domestic corporation, unless the latter has filed a certificate with such secretary designating a natural person within the state as its agent for the purpose of serving process, and imposing no duty upon the county clerk to do anything with the process after it is mailed to him by the Secretary of State, violated the due process clauses of both the federal and state Constitutions, in that the code provisions are indefinite, uncertain and not subject to reasonable construction, and that they confer a greater right upon a foreign corporation than upon a domestic corporation.''. The appeal in the Bruhnke case presents problems almost exactly like those presented in the instant case and the opinion contains an interesting and learned dissertation upon the subject of due process of law as related to substituted service. This opinion was filed since

the appeal in the instant case was taken and answers satisfactorily all questions presented by said appeal. The appellant relies upon it and since it is easily available in our reports, we need not quote from it at length, but merely note that the cause was remanded to the trial court with instructions to vacate and set aside the default of the defendant and the judgment.

Respondent believes that the Bruhnke case "is in direct conflict with *Olender* v. *Crystalline Mining Company*, 149 Cal. 482 [86 P. 1082], and decisions by the U. S. Supreme Court and the U. S. Circuit Court of Appeals cited. . . ." We have considered all these cases, including *Washington ex rel. Bond & G. & T.* v. *Superior Ct.*, 289 U.S. 361 [53 S.Ct. 624, 77 L.Ed. 1256, 89 A.L.R. 653], noted in 89 A.L.R. 662, and *Badger Dome Oil Co.* v. *Hallam*, 99 F.2d 293, and noted the differences between them and the instant case. We are satisfied that the reasoning in the Bruhnke case should prevail. Incidentally, we note that both the questioned sections, 411, Code of Civil Procedure, and 373, Civil Code, have been amended since the opinion in the Bruhnke case was published and at least some of the confusion caused by those sections in 1941 has been eliminated.

The order is reversed and the cause remanded to the trial court for appropriate action in accordance with the views herein expressed, each party to bear his own costs.

Shinn, J., and Wood (Parker), J., concurred.