Filed 12/31/25

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE


| | |
|---|---|
| SOCAL LIEN SOLUTIONS, LLC, | B340151 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV28189) |
| v. | |
| BDB PROPERTIES, | |
| Defendant and Respondent. | |


APPEAL from an order of the Superior Court of Los Angeles County, Tony L. Richardson, Judge. Reversed with directions.

Keiter Appellate Law and Mitchell Keiter for Plaintiff and Appellant.

Law Offices of D. Hess Panah & Associates and Vania Nemanpour for Defendant and Respondent.

_____

The Corporations Code authorizes a plaintiff to serve process on a domestic corporation by hand delivery to the corporation's designated agent. But when the designated agent cannot with reasonable diligence be found, the court may authorize service upon the corporation by hand delivery to the Secretary of State (the Secretary). Service in this manner is deemed complete 10 days later, regardless of whether the Secretary forwards notice of service to the defendant.

Here, the trial court voided a default and default judgment against a corporate defendant after the court determined service to be incomplete until the Secretary forwarded notice to the defendant, which did not occur until a month after the court entered the default judgment. Because the court's determination is inconsistent with the plain language of the Corporations Code, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Efforts To Serve the Corporate Defendant

In the Secretary's public records, BDB Properties (BDB) lists 1200 South Hope Street as the address of BDB's principal executive office, its principal business office, chief executive officer, chief financial officer, secretary, and agent for service of process, as well as the address for service of process and general mailing. In 2019, SoCal Lien Solutions, Inc. (SoCal) served a summons and complaint on BDB at 1200 South Hope Street. When BDB failed to answer the complaint, SoCal obtained a default and a default judgment which the court later set aside. SoCal filed a first amended complaint with a proof of service on BDB attesting to personal service on BDB's agent of process. The court rejected SoCal's subsequent request for default, because the

2

proof of service referred only to the amended complaint, not the summons, and because the request listed incorrect entity designations. SoCal corrected these issues and attempted twice more to serve BDB at its address of record, without success. On June 8, 2022, pursuant to Corporations Code section 1702,[1] SoCal obtained a court order authorizing service of process by hand delivery to the Secretary. Section 1702 provides a "last resort" method of service on a domestic corporation when a plaintiff establishes inability otherwise to complete service despite reasonably diligent efforts. (*Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 312.)[2] On June 10, 2022, SoCal

---

[1] Unless otherwise specified, subsequent statutory references are to the Corporations Code.

[2] To obtain such an order, SoCal needed to "show[ ] by affidavit to the satisfaction of the court" that BDB's "agent for the purpose of service of process has resigned and has not been replaced," "the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process," or that no agent has been designated, *and* that "process against [BDB] cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in [the applicable Corporations Code or Code of Civil Procedure sections addressing service on a corporation]." (§ 1702, subd. (a).) BDB does not challenge the court's order permitting substituted service. We therefore accept the finding inherent in this order that SoCal exercised reasonable diligence in attempting to serve BDB by other means. (See *Batte v. Bandy* (1958) 165 Cal.App.2d 527, 534 [it is a "jurisdictional condition precedent to the issuance of an order for substituted service [under section 1702's predecessor statute] that a showing be made by affidavit that personal service cannot be made with the exercise of due

3

hand delivered the summons, complaint, and authorizing order (collectively, the service documents) to the Secretary. In August 2022, SoCal mailed four requests for entry of default to BDB at 1200 South Hope Street. On September 2, 2022, the court entered a default and $44,153.36 default judgment against BDB. On September 6, 2022, SoCal served BDB with written notice of the judgment at the same address. On October 24, 2022, over four months after service on the Secretary and a month after the court had entered judgment, the Secretary mailed copies of the service documents to BDB at 1200 South Hope Street.

### B. BDB's Efforts To Set Aside the Default and Default Judgment

On September 28, 2023, nearly 11 months after the Secretary mailed notice to BDB, it filed an ex parte application to set aside the default and judgment. The court denied the application for lack of exigency. On December 18, 2023, relying on Code of Civil Procedure section 473.5, BDB filed a noticed motion to vacate the default and judgment. BDB argued service was not effective until the Secretary mailed the service documents to BDB. And because that occurred only after the court entered default, the default and judgment must be set aside. In opposing the motion, SoCal lodged an October 24, 2022 letter from the Secretary identifying June 20, 2022 (10 days after SoCal delivered process to the Secretary) as the "date of service" and October 24, 2022, as the date the Secretary forwarded the service documents to BDB.

---

diligence on the corporation in any other manner provided by law"].)

The court found BDB's motion untimely under Code of Civil Procedure section 473.5. It nonetheless granted relief on the ground that the judgment was void because service was not complete until the Secretary forwarded the service documents to BDB.

SoCal appealed.

## DISCUSSION

### A. Delivery to the Secretary Effected Service on BDB

As in the trial court, BDB argues service was incomplete until the Secretary mailed BDB the service documents. We disagree.

Subdivision (a) of section 1702 provides that when authorized by a court to do so, a plaintiff may constructively serve a domestic corporation by hand delivering service documents to the Secretary. "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary." (§ 1702, subd. (a).)

Subdivision (b) of section 1702 requires the Secretary to "give notice of the service of the process to the corporation at its principal office, by forwarding to such office, by registered mail with request for return receipt, the copy of the process," or "by forwarding such copy in the same manner to the last designated agent for service of process who has not resigned."

The Secretary must also keep a record "of all process served upon [it] . . . and shall record therein the time of service and the Secretary['s] . . . action with reference thereto." (§ 1702, subd. (c).)

We review issues of statutory construction de novo. (See *Washington v. County of San Diego* (2025) 113 Cal.App.5th 874, 879.) We begin with the statutory text, "giving it a plain and commonsense meaning." (*Bruns v. E-Commerce Exchange, Inc.*

5

(2011) 51 Cal.4th 717, 724.) " ' "If the statute's text evinces an unmistakable plain meaning, we need go no further." ' " (*Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles* (2012) 55 Cal.4th 783, 803.)

Subdivision (a) of section 1702 unambiguously states that service is complete 10 days after the plaintiff delivers service documents to the Secretary. It requires no action by the Secretary either before or after this 10-day period to complete service.

Subdivision (b) of section 1702 does not alter the effective date of service. Rather, it separately requires the Secretary to give *notice* of the service of process directly to the corporation "[u]pon the receipt of any such copy of process and the fee therefor." The requirements in the two subdivisions are not linked in any way.

BDB argues service is incomplete until the Secretary forwards the service documents because notice from the Secretary is "mandatory," "critical," and "integral" to the "process," and constitutes prima facie evidence of proper service. We disagree. Although notice from the Secretary may be critical to the process, the process comprises distinct features: service and notice. Though the *process* may not be complete until the Secretary mails notice to a corporate defendant, *service* is complete 10 days after the Secretary receives the service documents from the plaintiff.

Applying section 1702 here, SoCal completed service on June 20, 2022—10 days after hand delivering the documents to the Secretary. The Secretary's subsequent delay in forwarding the documents does not vitiate that service.

Contrary to BDB's contention, the statutory scheme afforded BDB due process. (See *Washington v. Superior Court* (1933) 289 U.S. 361, 365 ["no denial of due process . . . [not] to require the corporation's agent to give . . . notice" where "statute informed the

6

company that if it elected not to appoint a successor to [its agent for service,] the Secretary of State would by law become [the corporation's] agent for the purpose of service" and "[t]he burden lay upon the [corporation] to make such arrangement for notice as was thought desirable"].)  BDB's only argument to the contrary is that, although "substituted service on the [Secretary] is constitutionally permissible when diligence is shown, the statute's built-in notice mechanism must be followed."  But the diligence the statute requires is what a plaintiff must show to obtain an order authorizing service under section 1702, which order BDB does not challenge.  BDB offers no authority supporting the contention that subdivision (b) notice is a component of diligence or due process.  Nor does the statutory language support a link between the post-service notice subdivision (b) addresses and the diligence necessary to satisfy due process.

## B.  BDB Does Not Qualify for Relief Under Code of Civil Procedure Section 473

BDB argues the Secretary's failure to timely mail the documents deprived BDB of actual notice, and that the court should have set the judgment aside as void under Code of Civil Procedure section 473, subdivision (d).  (See Code Civ. Proc., § 473, subd. (d) ["[t]he court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order"].)  After the time for a Code of Civil Procedure section 473.5 motion has expired, as occurred here, "a trial court may grant a motion to set aside that judgment as void only if the judgment is void on its face"—that is, when its voidness is " 'apparent upon an inspection of the judgment-roll.' "  (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441; accord, *California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th

7

207, 223.) Here, the judgment roll could not reflect when the Secretary forwarded the service documents because the Secretary did not do so until after the court entered the judgment. (See Code Civ. Proc., § 670, subd. (a).) Thus, the court erred in setting aside the judgment as void.

## DISPOSITION

The order is reversed. Following remand, the trial court shall vacate its order granting BDB's motion to set aside the judgment.

Appellant SoCal Lien Solutions, LLC is awarded its costs on appeal.

<u>CERTIFIED FOR PUBLICATION</u>.


ROTHSCHILD, P. J.

We concur:



BENDIX, J.



WEINGART, J.

8